Emerson v. The State.

EMERSON v. STATE.

1.  CRIMINAL LAW:  *Defense—Former conviction: Plea: Proof.*
    To maintain the defense of former conviction for selling liquor to the same person, the defendant must both plead and prove that the offence charged in the last indictment was the same of which he was convicted under the first; and the record of the former conviction is not of itself evidence of the identity of the offence.  Nor does the fact that the evidence on the last indictment would support a conviction on the first necessarily sustain the plea.

2.  LIQUOR:  *Indictment for selling:  Proof of sale of alcohol.*
    Proof of sale of alcohol to a minor since the passage of the act of March 26, 1883, will support an indictment for selling liquor to him.

APPEAL from *Hot Spring* Circuit Court.

Hon. J. B. WOOD, Circuit Judge.

Emerson v. The State.

*Curl & Hughes*, for appellant.

*C. B. Moore*, Att'y Gen'l., for appellee.

The indictment charges, and the evidence shows, a sale in *Dec.*, 1883, while the record of a former conviction shows a sale to the same minor in *Sept.*, 1883. The burthen was on the defendant to show the identity of the two offences.

It was not necessary for the State to prove that the minor did not have the written consent of parent or guardian. This was a matter of defense and the *onus* was on him to show it, if true. *Edgar v. State* 37 *Ark.*, 219. He sold at his peril. 36 *Ark.*, 58 ; 37 *Id.*, 108.

By the acts of 1883, p. 193, selling *alcohol* is put on the same footing as other intoxicating liquors.

COCKRILL, C. J. To a prosecution for a violation of the statute against selling liquor to a minor without the necessary consent, appellant interposed a plea of former conviction. He did not allege in it that the offence for which he was to be tried was the same as that for which he had been convicted. No objection was made to the plea, and by consent the issue under it was submitted to the jury with his plea of not guilty. To sustain the issue on the first plea, appellant put in evidence the record of a former conviction, showing an indictment, the counterpart of the one under which the trial was progressing, excepting that it charged that the party therein accused made the prohibited sale in the month of September, 1883, whereas the second indictment charged that the appellant was "interested in" a sale made in December of the same year. It was shown by parol that the minor named in each indictment was the same person. Both sales were made within a year of the finding of the last indictment, the State proving the December sale as charged. Upon this the appellant asked the court to instruct the jury that if they

found that the minor named in each indictment was the same person, and that appellant had been convicted under the first, they should acquit him. This the court properly refused to do.

1. CRIMI-NAL LAW: Def ense: Former conviction.

If the appellant desired to take the benefit of a former conviction, he should have alleged in his plea and proved on the trial the identity of the parties and of the offences in the two indictments. The burden of proof was on him to establish both. 1 *Bishop Cr. Pr.*, Sec. 816; *Nunnally v. State, ante*, 68.

It was probably taken for granted on the trial that the appellant was the accused in the first indictment, and his plea of former conviction may have been treated as good, but a presumption of the identity of the offences was not raised by the record of the former conviction. This has been held where the indictments were in point of fact alike. *Commonwealth v. Sutherland.* 109 *Mass.*, 342.

The *State v. Andrews*, 27 *Mo.*, 267, is a liquor case in point. The court there say: "To sustain the plea in this case it was incumbent on the defendant not only to produce the record of the former conviction, but to show by testimony that he had been previously tried for identically the same offence as the one for which he was then prosecuted; and it was not sufficient to show that the evidence offered on the last trial would have supported the first indictment, because it would have been supported by any act of selling within twelve months before the finding thereof." See *State v. Small*, 31 *Mo.*, 197.

It is sometimes said that the true test to ascertain whether a plea of *autre fois convict* be a good bar is whether the evidence necessary to sustain the second indictment would have been sufficient to procure a legal conviction on the first. Several of the text books have so stated it. An examination of the cases, however, upon which this rule is based, will

show that the identity of the offence or of the main facts that constitute it is proved or admitted in perhaps every instance, and the second indictment having varied in some form of allegation from the first, the enquiry is have the indictments alleged the same offence, and the test is said to be the rule stated. This rule can have no proper application to a case in which no connection is shown between the offences charged in the two indictments.

The objection made by the appellant to the indictment in this case were settled against him in *Waller v. State*, 38 *Ark.*, 656.

Sec. 2. of the act of March 26, 1883, amended the statute under which the indictment was found, and extends the inhibition of sale of liquor to minors, to alcohol, and the court did not err in instructing the jury that appellaht might be convicted on proof of a sale of alcohol.

