## JENKS *v.* STATE.

### Opinion delivered December 12, 1896.

ESCAPE—WHAT CONSTITUTES.—A state convict who has been made a "trusty" while serving his term of imprisonment, and who is not confined within the walls of the penitentiary, nor kept under guard, but is required to remain within certain bounds, to do work, and to obey prison rules, is guilty of an escape in fleeing from the county and state, under Gould's Dig., p. 833, § 8, providing for punishment "if any convict shall escape."

EVIDENCE—VARIANCE.—Evidence that defendant was not at the time of his escape confined in the penitentiary, but that he was confined in Pulaski county, is not a fatal variance from an allegation in the indictment that he escaped from the penitentiary in Pulaski county, the reference to the penitentiary being unnecessary and immaterial.

Appeal from Pulaski Circuit Court.

ROBERT J. LEA, Judge.

#### STATEMENT BY THE COURT.

The appellant, Ed. Jenks, was a convict serving a term in the penitentiary for the crime of burglary and larceny. While thus serving as a convict, he was made a "trusty" by the commissioners of the penitentiary. He was afterwards sent with other convicts from the walls of the penitentiary to a camp or stockade, near the state insane asylum, upon which the convicts were at work. After being made a "trusty," he was not required to eat or sleep with other convicts, called "linemen," but ate at a table prepared for "trusties," and slept in a house on the outside of the stockade in which the "linemen" were confined. He was not under guard, and was allowed to go at large occasionally within certain limits, but, in common with other "trusties," was required to report to the warden, perform certain duties, and to obey prison rules. While at large on one occa-

sion, he left the county and state, and did not return until brought back. The grand jury returned an indictment against him for the crime of escape, alleged to have been committed in Pulaski county. Upon a trial under this indictment the defendant was convicted and sentenced for the crime of escape.

*Thos. J. Oliphint* for appellant.

Appellant did not escape from the *penitentiary*. He was a trusty, under sec. 5570, Sand. & H. Dig. See act of 1838; 5 Mass. 311; 30 S. W. Rep. 791; 2 Am. Cr. Rep. 47; Archbold, Cr. Pl. pp: 1074, 1075; 6 Am. & Eng. Enc. Law, p. 244; 16 Conn. 47; 2 Bish. Cr. Law (5 Ed.), sec. 1104.

*E. B. Kinsworthy*, Attorney General, for appellee.

Appellant is guilty of an *escape*. Act of 1838, p. 115; Sand. & H. Dig., secs. 1562, 5499, 5570; Webster's Dict. "Trusty"; 16 Conn. 47; 14 S. W. Rep. 350; Whart. Cr. Law, sec. 1678; 14 Nev. 445. Once a convict, he remains a convict until he serves his time or is pardoned. 56 Ark. 8.

RIDDICK, J.,(after stating the facts.) The question is whether the defendant is guilty of an escape, as described in the indictment. Our statute provides that "if any convict shall escape, on conviction thereof by indictment, he shall suffer such additional imprisonment as the jury before whom he may be tried shall direct, not less than five nor more than ten years." Gould's Digest, page 833, sec. 8.*

*What constitutes an escape.*

---

*This law passed in 1838 is not correctly stated in either of the Digests published subsequently to Gould's Digest. The reading of these latter digests is as follows: "If any convict confined in the penitentiary shall escape therefrom," etc., while the statute makes it a crime for the convict to escape, without reference to whether he escapes from the penitentiary or other place. See act of 1838, Gould's Digest, p. 833; Sand. & H. Dig., § 1562.

Although Jenks had been made a "trusty," and was not confined in the walls of the penitentiary, nor kept under guard, yet he was required to remain within certain bounds, to do work, and to obey prison rules. He was, in law, still a convict in custody, serving his term of imprisonment. When, therefore, he fled from the county and state, he committed the crime of escape, for the punishment of which the statute above referred to was passed. *Riley* v. *State*, 16 Conn. 47; 1 Russell on Crimes (8 Am. Ed.), p. 416; 2 Wharton's Crim. Law, sec. 1678.

As to variance.

But the indictment alleges that Jenks escaped in Pulaski county and from the penitentiary, and it is said that the proof does not sustain the allegation. The evidence shows that Jenks was not, at the time of his escape, confined in the penitentiary, nor did he escape therefrom, but he escaped while outside the penitentiary, and outside of the stockade where the other convicts were confined. It is contended that this is a fatal variance, but we are of opinion that this contention cannot be sustained. If the offense was one of a local character, so that the house or place in which it was committed must be alleged and proved, then the description of such house or place would be material, and should be proved as alleged. The recent case of *Bryant* v. *State*, 62 Ark. 459, was a case of this kind. The indictment there was for a violation of a statute (sec. 4881, Sand. & H. Dig.), making it a misdemeanor for the owner, user, or controller of any house or tenement to keep therein for sale, or to be given away, any ardent, vinous, malt, or fermented liquors, etc. It was necessary to allege that the defendant was the owner, user, or controller of a house, and that liquors were sold or kept therein. A description of the house in such an indictment was descriptive of the offense, and material, and it was so held. But the locality does

not, under our statute, enter into the substance of the crime of escape. It is a violation of the statute for a convict to escape at any place, whether from the penitentiary or not. To determine the venue and jurisdiction over the offense, it was necessary to allege and prove the county in which the crime was committed, and that was done in this case. Beyond this, the reference to the penitentiary or place from which the convict escaped was wholly unnecessary and immaterial, and may, therefore, be rejected as surplusage. It is not necessary to show that such an offense was committed in the place alleged, if it be shown to have been committed in some other place in the same county. *Commonwealth* v. *Lavery*, 101 Mass. 207; *Commonwealth* v. *Tolliver*, 8 Gray (Mass.), 386; 3 Greenleaf, Ev. (15th Ed.), sec. 12; 2 Russell, Crimes (8th Am. Ed.), 800; 1 Phillips, Ev. (4th Am. Ed.), 890.

Finding no error, the judgment is affirmed.