## KEOUN v. STATE.

### Opinion delivered June 26, 1897.

INDICTMENT—VARIANCE AS TO PLACE.—An indictment for unlawfully destroying fish by putting dynamite in a certain lake on a designated creek is not supported by proof that such explosive was placed in the creek within half a mile from the lake. (Page 234.)

SAME—DUPLICITY.—Under the statute which provides that it shall be unlawful for any person, with the intent to kill, maim or paralyze any fish, to cast, drop, or otherwise deposit in any stream any explosive material (Sand. & H. Dig., § 3428), an indictment which alleges that the defendant did "cast, drop and put" an explosive in a certain stream charges a single offense. (Page 235.)

Appeal from Columbia Circuit Court.

CHARLES W. SMITH, Judge.

#### STATEMENT BY THE COURT.

Appellant was convicted of violating the fish law, and appealed to this court. The indictment is as follows: "The grand jury of Lafayette county, in the name and by the

authority of the State of Arkansas, on oath, accuse the defend-
ant, Jim Keoun, of the crime of taking and destroying fish,
committed as follows, to-wit:    The said defendant, on the 1st
day of July, 1894, in Lafayette county, Arkansas, did unlaw-
fully then and there cast, drop, and put in Tyler lake, on
Bodcaw, explosive material, known as dynamite, with intent to
kill, maim and paralyze fish therein, and took from said waters
fish that had been so killed and paralyzed as aforesaid, against
the peace and dignity of the State of Arkansas."

At the commencement of the trial, in response to an inquiry
of the court as to which offense he would prosecute the defend-
ant for, the prosecuting attorney stated that he would prose-
cute him for taking fish out of the water killed or maimed by
dynamite.    And in his opening statement to the jury the
prosecuting attorney said:    "It is only intended to convict the
defendant of one offense.    The state will not attempt to con-
vict the defendant of killing fish, but will only prosecute him
for taking out fish that had been killed or maimed by dynamite."

The evidence tended to show that dynamite was put in
Bodcaw creek, and that defendant was seen, soon thereafter, tak-
ing a fish out of the creek about the place where the dynamite
was exploded.    The evidence is that Tyler lake is one-half mile
on a straight line, and one mile the way the creek runs, from
the place where the fish was taken out of the creek by the
defendant.    Lee Gilbert, a witness for the state, testified: "Bod-
caw creek runs through Tyler lake.    The lake is over a half
mile long, and, like other lakes on that creek, is wider than any
other part of the creek.    The lake is known as Tyler lake."

Upon the trial the court, at the instance of the state, gave
the following instruction, numbered 1:    "The jury are instructed
that if they find beyond a reasonable doubt, from the testimony,
that the defendant, in Lafayette county, Arkansas, in Bodcaw
creek, within one-half mile of a wide place in said creek, known
as Tyler lake, did explode or deposit any dynamite with intent
to kill or maim any fish, or assist, consent or encourage another
in so doing, or if, at said time and place, he took from the
waters of said creek any fish killed or paralyzed from exploding
dynamite, or stood by assisting, aiding or encouraging another

in so doing, they will convict the defendant." To the giving of said instruction appellant at the time excepted.

The following instructions, numbered 1, 2, 3, and 4, were asked for at the instance of the appellant: "(1) The jury are instructed that in this case, before they can find the defendant guilty, they must believe from all the facts and circumstances in the case that the defendant is guilty beyond a reasonable doubt. (2) Every material allegation in this indictment must be proved by the state; and unless they find from the evidence that the state has proved every material allegation in this indictment, they will acquit the defendant. (3) The jury are instructed that unless they find from the evidence beyond a reasonable doubt that the state has proved that the offense was committed in Tyler lake, as alleged in the indictment, you will acquit the defendant. (4) The jury are instructed that unless they find from the evidence in this case that the defendant, in Lafayette county, Arkansas, beyond a reasonable doubt, within twelve months before the filing of this indictment, both put the explosive material in said waters, and took fish therefrom, as alleged in the indictment, they will find the defendant not guilty." The court gave the instructions numbered 1 and 2, and refused those numbered 3 and 4, to which refusal appellant at the time excepted.

The following verdict was rendered by the jury: "We the jury find the defendant guilty as charged in the indictment, and assess his fine at $50."

Appellant in due time filed his motion in arrest of judgment as follows: "Comes the defendant herein, and moves the court in arrest of judgment in this case, and for cause says: (1) That the indictment is defective in this, that it charges two separate offenses against the laws of the state without concluding the separate counts of said indictment, 'against the peace and dignity of the state of Arkansas,' as required by law. (2) That the indictment herein charges no offense against the laws of the state of Arkansas. (3) That said indictment is in other respects indefinite and informal."

Appellant then filed his motion for a new trial, which is as follows: "Comes the defendant, and asks the court to set aside the verdict rendered herein, and grant him a new trial, and for

cause says: (1) That the verdict rendered by the jury in this cause is contrary to the evidence. (2) That the verdict of the jury herein is contrary to the law. (3) That the verdict of the jury is contrary to both the law and the evidence. (4) That the court erred in refusing to give instruction numbered 3 asked for by defendant. (5) That the court erred in refusing to give instruction numbered 4 asked for by defendant. (6) That the court erred in giving instruction number 1 asked for by the state."

*H. S. Powell*, for appellant.

Two offenses are charged in the indictment. Sand. & H. Dig., §§ 3428, 2077; 32 Ark. 203; 33 *id.* 176; 34 *id.* 433; 48 *id.* 94. The indictment is defective because it fails to conclude each count "against the peace and dignity," etc. Const. art. 7, § 49; Sand. & H. Dig., § 2091; 5 Ark. 444; 19 *id.* 613; 20 *id.* 156; 47 *id.* 230. There is a fatal variance between the *allegata* and the *probata*. 30 Ark. 131. The description was material, and must be proved. 10 Am. & Eng. Enc. Law, p. 558; 71 Am. Dec. 444; *ib.* 480; 19 Ala. 560; 146 Mass. 128; 108 *id.* 304; 34 Tex. 134; 30 *id.* 131; 21 *id.* 227; 18 *id.* 186; 16 *id.* 507; 10 *id.* 259; 9 *id.* 193; 34 *id.* 160.

*E. B. Kinsworthy*, Attorney General, for appellee.

HUGHES, J., (after stating the facts.) Appellant was indicted under section 3428 of Sandels & Hill's Digest, which is as follows: "It shall be unlawful for any person, with the intent to kill, maim or paralyze any fish or other water animal, to cast, drop or otherwise deposit in any river, creek, lake or pond, or in any other stream or body of water within this state, any explosive material or substance, or any intoxicating or stupefying liquid, drug, vegetable or fruit, or to take from any river, creek, lake, pond or other body of water within this state, any fish so stupefied, intoxicated, or killed."

The offense charged was of a local character. The allegation that the defendant cast, dropped, or deposited the explosive or substance used in some body of water in Lafayette county, with intent, etc., was a necessary allegation, and if it alleged that it was dropped or deposited in a particular or known body

of water, this becomes descriptive of the offense, is material, and must be proved as laid.

"Where an indictment contains a necessary allegation, which cannot be rejected, and the pleader makes it unnecessarily minute in the way of description, the proof must satisfy the description· as well as the main part of the indictment." 10 Am. & Eng. Enc. Law, p. 558, and cases ·cited; *State* v. *Anderson*, 30 Ark. 131; *State* v. *McMinn*, 34 Ark. 160; *Bryant* v. *State*, 62 Ark. 459; *Jenks* v. *State*, 63 Ark. 312; *Adams* v. *State*, *ante*, p. 188.

There was no evidence that the offense was committed by casting or dropping the explosive in Tyler lake. On the contrary, the proof shows that it was in Bodcaw creek, one-half mile from the lake by land and one mile by the creek.

The circuit court erred in instructing the jury that they might convict the defendant, if they found beyond a reasonable doubt from the evidence that the defendant did explode or deposit any dynamite, etc., *within half a mile of a wide place in said creek known as Tyler lake.* Instruction numbered 3 asked by defendant, the converse of that given by the court, should have been given.

Does the indictment charge more than one offense?

Bishop on Statutory Crimes, § 244, says: "Provisions in the alternative are common in legislation, and the rule is that whatever is within any one of the disjunctively connected clauses is within the statute. Thus, if, as is common in legislation, a statute makes it punishable to do a particular thing specified, 'or,' another thing, 'or' another, one commits the offense who does any one of the things, or any two or more, or all of them. And the indictment may charge him with any one, or with any larger number, at the election of the pleader; employing, if the allegation is of more than one, the conjunction, 'and' where 'or' occurs in the statute. 'The rule,' it was once observed, 'is undoubtedly limited in its application to cases where the offenses created in a statute are not repugnant.' And whatever be the form of the allegation, the proofs need sustain only so much of it as constitutes a complete offense." See also 1 Bishop, Cr. Proc. § 436, where he says again that "a statute often makes punishable ·the doing of one thing, *or* another, *or* another,

sometimes thus specifying a considerable number of things. Then, by proper and ordinary construction, a person who in one transaction does all violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. Therefore the indictment on such a statute may allege, in a single count, that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction *and* where the statute has 'or,' and it will not be double, and it will be established at the trial by the proof of any one of them. Thus, in liquor selling, where the statute forbids the unlicensed sale of, for example, rum, brandy, whiskey or gin, the interpretation is that the offense may be committed by selling any one or two of the specified liquors or all of them; and whichever is done in one transaction, there is but one crime. So the indictment charges the offense in whatever form the pleader elects; as that the defendant sold rum, brandy, whiskey, and (not or) gin; or that he sold rum and gin." See Bishop, New Cr. Law, § 799; *State* v. *Murphy*, 47 Mo. 274; *Fahnestock* v. *State*, 102 Ind. 156; *Bradley* v. *State*, 20 Fla. 738.

The indictment in this case charges but one offense, and is not double. It is not therefore obnoxious to the objection urged against it by the counsel of the appellant.

For the error indicated, that is to say, that the *allegata et probata* do not correspond, the judgment is reversed, and the cause is remanded for a new trial.

Absent Wood, J.

Battle, J., was of the opinion that the indictment charged two offenses.