## GRANT *v.* STATE.

Opinion delivered March 15, 1902.

INDICTMENT—DESTROYING PUBLIC RECORD—DUPLICITY.—Under the statute which provides that "every person who shall steal, take away, withdraw or avoid any record," etc., shall be guilty of a felony (Sand. & H. Dig., § 1855), an indictment which alleged that defendant did "unlawfully and feloniously steal, take away, withdraw, avoid and destroy a part of the records" of a certain court charged but one offense.

Appeal from Greene Circuit Court.

FELIX G. TAYLOR, Judge.

Affirmed.

*Appellant pro se.*

The demurrer to the indictment should have been sustained. Sand. & H. Dig., § 1855; 46 N. W. 97. The indictment should have alleged the filing of the depositions. 62 Ark. 513.

*George W. Murphy, Attorney General,* for appellee.

The indictment was sufficient. Sand. & H. Dig., §§ 1855, 2075, 2076; 5 Ark. 513.

WOOD, J. At the fall term, 1899, of the Greene county circuit court, the grand jury returned against appellant the following indictment:

"Greene County Circuit Court, Fall Term, 1899. The state of Arkansas against Jim Grant. Indictment. The grand jury of Greene county, in the name and by the authority of the state of Arkansas, accuse Jim Grant of the crime of destroying public records, committed as follows, to-wit: The said Jim Grant, in the county aforesaid, on the 5th day of April, 1899, did unlawfully and feloniously steal, take away, withdraw, avoid and destroy a part of the records of the Greene county chancery court, to-wit, the depositions for plaintiff in the cause therein pending wherein Della Wilson was plaintiff and L. A. Wilson was defendant, with

the felonious intent to injure the plaintiff, Della Wilson, in said cause, and against the peace and dignity of the state of Arkansas. O. L. Killough, Prosecuting Attorney."

The only question here is as to the sufficiency of the indictment. The statute is as follows: "Every person who shall steal, take away, withdraw or avoid any record, or part or parcel thereof, writ, return, panel, process, or any book or any paper belonging to any of the public offices of this state, or to the records of any court, with intent to injure another, shall be imprisoned in the penitentiary not less than three or more than ten years." Sand. & H. Dig., § 1855. The indictment charges but one offense, to-wit, that of destroying a part of the records of the Greene county chancery court. It follows almost literally the language of the statute, and is sufficient. Only one offense was denounced by the statute. That offense may be committed in the various ways enumerated, *i. e.,* by stealing, taking away, withdrawing, or in any other manner avoiding or destroying the things mentioned, *with the intent to injure another.* What we said in *State* v. *Keoun,* 64 Ark. 231, applies here. Especially are the quotations from Bishop, Stat. Crimes, § 244, and Cr. Proc. § 436, in point.

Affirmed.