## JACOBS v. STATE.

### Opinion delivered October 23, 1911.

1. GAMING—CONSTRUCTION OF STATUTE.—Kirby's Digest, sec. 1732, denouncing a penalty against "every person who shall set up, keep or exhibit any gaming table or gambling device," etc., is violated by every one who sets up, keeps or exhibits any of said games, without regard to whether more than one is exhibited at the same time and place. (Page 594.)

2. FORMER CONVICTION—BURDEN OF PROOF.—The burden is on the accused to show that the offense charged in the indictment is the same as that for which he had been previously convicted. (Page 595.)

3. SAME—WHEN NO DEFENSE.—A former conviction is not a bar to a subsequent indictment for an offense of which the defendant could not have been convicted under the first indictment. (Page 595.)

4. SAME—WHEN NO DEFENSE.—Where the defendant was convicted under an indictment charging him with exhibiting a gambling device commonly called "klondike" upon a day named, such conviction is no bar to a prosecution for maintaining a crap table or other gambling device on the same day. (Page 595.)

5. GAMING—SEPARATE OFFENSES.—One who is guilty of maintaining several different gambling devices at the same time and place may be separately convicted for the maintenance of each device. (Page 595.)

Appeal from Garland Circuit Court; *Calvin T. Cotham,* Judge; affirmed.

### STATEMENT BY THE COURT.

Appellant was convicted on five separate indictments for exhibiting certain gambling devices, each indictment being for the exhibition of a different one.

One indictment charged him with exhibiting a gambling device, commonly called "klondike;" another with exhibiting a gambling device, commonly called a "crap table;" another with exhibiting a gambling device commonly called "roulette;" the fourth with exhibiting a gambling device commonly called "faro bank;" and the fifth charged him with exhibiting a device commonly called "bird cage." He pleaded guilty to the indictment which charged him with having exhibited the gambling device known as "klondike," and a judgment of conviction was rendered upon the plea. Upon the trial of each of the other indictments, respectively, charging the setting up and exhibiting of a crap table, roulette wheel, faro bank and bird cage, respectively, a plea of former conviction, based upon said judgment, was interposed as a bar to the prosecution.

It was agreed that the several devices were exhibited at the same time and place as the device known as "klondike," upon trial for exhibition of which a judgment of conviction had been rendered, and the indictment and judgment of conviction were also read in evidence. The four cases were heard by the court upon the indictments, the plea of former conviction, the agreement of counsel, and the record in said case in which the plea of guilty was entered.

The plea of former conviction was overruled, and a fine of one hundred dollars and costs was assessed in each case. From the judgments this appeal comes.

*Rector & Sawyer,* for appellant.

Although the grand jury returned five indictments charging the exhibition of as many gambling devices, it is admitted that the exhibition of the different devices was at the same time and place and under the same circumstances. Under the statute, § 1732, Kirby's Digest, the exhibition of several gambling devices at the same time and place constitutes but one offense. 1 Bishop's New Crim. Proc., 269, § 436; 64 Ark. 235. Had the exhibition of these several devices been charged in one indictment, it would have been held to charge but one offense, and not to be void for duplicity. 32 Gratt. (Va.) 873; 83 S. W. 975; 112 Ind. 245; 102 Ind. 156; 100 Ind. 154; 4 Dana (Ky.) 518; Wharton's Crim. Pl., 910; Kirby's Dig., § 2514; 17 Tex. App. 159; 41 Ia. 577. As to what constitutes duplicity in an indictment, see 6 Tex. App. 251; 1 *Id.* 643; 21 Tex 656; 23 Tex. App. 317. See also 56 S. W. 918; 6 Ark. 568; 77 Md. 121; 104 Ill. 544.

If an indictment charging in one count the keeping or exhibiting the different gaming tables and devices named in the statute is not bad for duplicity, and only one punishment can be inflicted therefor, they can not be separate and distinct offenses if kept or exhibited at the same time and place and under the same circumstances. If they are separate offenses, how can they be joined in the same count without rendering the indictment duplex?

The statute is directed, not against the physical act of setting up, keeping and exhibiting the gambling devices, but against the business. See 7 Words & Phrases, 6446, "set up"

and; "exhibit" as used in gaming and statutes punishing gaming. 18 Cyc. 1497; Texas Pen. Code, 1895, art. 387; 16 Tex. App. 282; 10 Tex. App. 377, 379; 3 Words & Phrases, 2584, "keep" and "keeping;" 33 Tex. 331, 335; 4 Words & Phrases, 3917. See also 63 S. W. 461, 464; 111 Ky. 135; 8 Words & Phrases, 7060.

The purpose of the statute in enumerating the different gambling devices was not to make separate crimes, but that one could exhibit no table, no device upon which gambling could be done, and escape punishment. 8 Enc. Pl. & Pr., 974, tit. "Several Games;" *Id.* 962; 13 Ga. 396.

*Hal. L. Norwood,* Attorney-General, and *William H. Rector,* Assistant, for appellee.

The court properly overruled the plea of former conviction. The rule is that former conviction is a bar to a subsequent indictment for any offense of which the defendant might have been convicted under the *indictment and testimony in the first case.* 43 Ark. 68; 48 Ark. 34; 94 Ark. 211. The burden was on appellant to prove that the offense charged in the indictment in the second case is the same as that for which he had been previously convicted. 42 Ark. 372; 92 Ark. 413. See also 45 Ark. 62; 88 Ark. 521; 51 Ark. 171; 12 Cyc. 287; 26 Fla. 472; 2 Ind. App. 376; 53 Mo. App. 571; 29 S. W. 268; 53 Me. 536; 11 Gray 398; 49 Tex. Crim. 80; 1 Bishop, Crim. Law, § 1052; 4 Blackstone 336.

KIRBY, J., (after stating the facts). Each of the indictments charges appellant with keeping and exhibiting a certain gambling device, naming it, in violation of section 1732 of Kirby's Digest, which reads as follows:

"Every person who shall set up, keep or exhibit any gaming table or gambling device, commonly called A. B. C., O. E., roulette, rouge et noir, or any faro bank, or any other gaming table or gambling device, or bank of the like or similar kind, or of any other description, although not herein named, be the name or denomination what it may, adapted, devised or designed for the purpose of playing any game of chance, at which any money or property may be won or lost, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined in any sum not less than one hundred dollars, and may

be imprisoned any length of time, not less than thirty days nor more than one year."

It is contended by appellant that, having set up and exhibited each and all of the gambling devices, with the exhibition of which he was separately charged in the different indictments at the same time and place, he was guilty of but one offense, and that, having pleaded guilty and been convicted under one of said indictments, the court erred in denying his plea of former conviction as a bar to his prosecution upon the other charges.

The first seven sections of the statute against gaming (sections 1732-8, Kirby's Digest) relate exclusively to the banking games, whether called by the names specified or by any new name or device, and the court, construing the fourth section (1735) which denounces a penalty against the owner or occupant of any house who "shall knowingly permit or suffer any of the before mentioned tables, games or banks to be carried on or exhibited in their house," etc., held: "The offense prohibited in the fourth section is not that of keeping a common gaming house, which implies frequency or continuance of the act permitted, but the offense of the owner or occupant is complete if he suffer a single act of the exhibition of any of the games designed to be so prohibited. * * * Our opinion is, that the offense designed to be punished by the fourth section is the suffering or permitting to be carried on or exhibited in any house, etc., by the owner or occupant thereof, any of the banking games, gaming tables or devices, prohibited in the first section." *Stith* v. *State,* 13 Ark. 680. These games are usually exhibited by persons whose occupation it is to prey upon the community, and who are therefore particularly obnoxious to the laws, and the exhibition of the games is commonly understood to be a challenge to all persons to bet against them.

The statute denounces a penalty against "every person who shall set up, keep or exhibit any gaming table or gambling device," etc., and is intended to prohibit the setting up and exhibition of either, any one and all of said devices, rather than the business of operating a gambling house, and is violated by every one who sets up, keeps or exhibits any of said games,

without regard to whether more than one is exhibited at the same time and place.

Having interposed a plea of former conviction as a bar to his prosecution, the burden of proof was upon appellant to show that the offense charged in the indictments in these cases was the same as that for which he had been previously convicted. *Emerson* v. *State*, 43 Ark. 372; *Grayson* v. *State*, 92 Ark. 413; *Sparks* v. *State*, 88 Ark. 522. "The established rule is that the former conviction is a bar to a subsequent indictment for any offense of which the defendant might have been convicted under the indictment and testimony in the first case." *State* v. *Nunnelly*, 43 Ark. 68; *State* v. *Lismore*, 94 Ark. 21.

Mr. Bishop, speaking of the plea of *autrefois convict*, says: "The test is, whether, if what is set out in the second indictment had been proved under the first, there could have been a conviction. When there could, the second can not be maintained; when there could not, it can be."

Applying this test and rule, it will not be contended that proof that appellant exhibited a gambling device called roulette would support an indictment where he was charged only with exhibiting a gambling device called faro bank; and, since he could not have been convicted under either of the indictments in these cases upon proof of the exhibition of the gambling device described in the indictment upon which he was convicted, the evidence of the record in that case introduced by him did not tend to support his plea of former conviction, and it was properly denied.

There is no question in this case of duplicity in the indictment, or a charge of more than one offense, since appellant is only charged in each of said indictments with the exhibition of one gambling device, and the authorities relating to such matters are of little weight in determining the question under consideration here.

Appellant, having failed to maintain his said plea of former conviction, by proving conviction upon a charge of exhibiting a gambling device entirely different from each of the ones with the exhibition of which he was separately charged in these cases, and for the exhibition of which he could not have been convicted upon proof of setting up either of the devices men-

tioned in these indictments, and having admitted the exhibition of each of the gambling devices as charged in the several indictments, he was properly adjudged guilty upon the trial of each, without regard to whether all of said devices were exhibited at the same time and place. *Grayson* v. *State*, 92 Ark. 413.

The judgment is affirmed.

HART and FRAUENTHAL, JJ., dissent.

HART, J., (dissenting). Although the setting up or exhibiting of each of the gaming tables mentioned in section 1732 of Kirby's Digest may be a separate offense when done by different persons at the same time or by the same person at different times, I think the setting up or exhibiting of two or more of the tables by the same person at the same time and at the same place are co-operating acts, and constitute but one offense, for which but one punishment can be inflicted. *Hinkle* v. *Commonwealth*, 4 Dana (Ky.) 518; *Commonwealth* v. *Casson*, 6 Phil. (Pa.) 381; *Leath* v. *Commonwealth* 32 Gratt. (Va.) 873; *Wingard* v. *State*, 13 Ga. 396. See also *Grant* v. *State*, 70 Ark. 290, and *State* v. *Keoun*, 64 Ark. 231.