## HINES v. STATE.

### Opinion delivered November 3, 1913.

1. CRIMINAL LAW—PLEA OF FORMER ACQUITTAL.—In a criminal case, where there is a plea of not guilty and one of former jeopardy, it is the better practice for the plea of former jeopardy to be tried first. (Page 33.)

2. APPEAL AND ERROR—BILL OF EXCEPTIONS—FAILURE TO PRESERVE TESTIMONY.—Where defendant was convicted of the crime of grand larceny, and the transcript contains a plea of former acquittal, but the bill of exceptions fails to show what evidence was introduced to show the identity of the two offenses, or the refusal of the court to permit the introduction of such evidence, or an exception to the ruling of the court excluding it, an assignment of error by defendant with respect to the plea of former conviction can not be sustained. (Page 34.)

Appeal from Newton Circuit Court; *George W. Reed*, Judge; affirmed.

*E. G. Mitchell*, for appellant.

*Wm. L. Moose*, Attorney General, and *Jno. P. Streepey*, Assistant, for appellee.

1. The instructions placed the burden on the State as to appellant's guilt, and properly the burden on defendant as to an *alibi*. 59 Ark. 379; 69 *Id.* 180.

2. But no proper exceptions were saved to the court's charge. *Tiner* v. *State*, 109 Ark. 138.

3. No exceptions were saved to the overruling of the plea of former acquittal. 107 Ark. 29.

McCULLOCH, C. J. Appellant, Arthur Hines, and one Walter Boomer were jointly indicted by the grand jury of Newton County for the crime of grand larceny, alleged to have been committed by stealing, taking and carrying away two horses, the property of John Armstrong; and appellant was tried separately and convicted.

He put in a plea of not guilty, and also a plea of former acquittal of the same offense in the circuit court of Pope County, Arkansas.

No brief has been filed on behalf of appellant, but the Attorney General has carefully abstracted the record, and after exploring the record ourselves, we have con-

sidered all the assignments set forth in the motion for new trial.

The transcript contains appellant's plea of former acquittal and what purports to be a certified record of the former proceedings in the circuit court of Pope County, but it does not appear in the bill of exceptions, nor is there any record entry showing that this plea was presented to the court. All that appears in the bill of exceptions is that counsel for appellant, at the close of his testimony, offered to introduce in evidence "a certified copy of a record of a former trial." On objection of the prosecuting attorney, the court refused to allow the record to be introduced, and no exceptions were saved.

The better practice in a criminal case, where there is a plea of not guilty, and one of former jeopardy, is for the latter plea to be tried first. *Lee* v. *State,* 26 Ark. 260.

That, however, is not the exclusive method of presenting the two pleas, for they may be considered at the same time, though it is the duty of the court, as a preliminary question, to determine the sufficiency of the plea upon its face.

The record in this case is not sufficient to present to us for review the question whether or not the court erred in refusing to admit in evidence the record on the plea of former acquittal. The evidence in support of the plea should be in the bill of exceptions, and the proof would have to be sufficient to identify the offense as the same as involved in the present indictment. *Emerson* v. *State,* 43 Ark. 372; *State* v. *Blahut,* 48 Ark. 34.

We can not tell from the recital of the bill of exceptions what the record was that was introduced, nor was there any evidence offered to identify the two offenses as being one and the same.

But even if this evidence appeared properly in the bill of exceptions, an exception to the ruling of the court in excluding it is an essential step in bringing it before us for review.

The assignment of error with respect to the plea of former acquittal can not, therefore, be sustained.

Only one instruction appears in the bill of exceptions, and that is, unquestionably, a correct one. What purports to be other instructions of the court, those given and some refused, are appended to the transcript, but are not in the bill of exceptions, nor are they referred to therein, and for that reason they can not be considered.

The record of the court does not disclose any error in the proceedings below, and the judgment of conviction is therefore affirmed.