LEE *v.* STATE.

Opinion delivered October 5, 1914.

CRIMINAL LAW—PANDERING—INDICTMENT—PROOF—VARIANCE.—In a prosecution for the crime of pandering, the indictment alleged that the female was brought to the home of L., "said home then and there being situated on Lake Street, in the city of  *  *  *" *held*, the description of the house and street was descriptive of the offense, and must be proved as charged, and a judgment on a verdict of guilty, will be reversed, when the proof showed the house to have been situated on a street other than Lake Street.

Appeal from Greene Circuit Court; *W. J. Driver*, Judge; reversed.

*W. W. Bandy*, for appellant.

The cause should be reversed because of a fatal variance between the allegation in the indictment as to the location of appellant's house, and the proof thereof. The place or house of the appellant was descriptive of the offense, and should have been proved as alleged.    62 Ark. 459; 63 Ark. 312; 64 Ark. 188; *Id.* 235.

*Wm. L. Moose*, Attorney General, and *Jno. P. Streepey*, Assistant, for appellee.

The act under which this prosecution is based does not make it material to show the particular place where the crime was committed, further than to prove that it occurred at some place in the State.   Acts 1913, p. 407; 63 Ark. 312-314; Kirby's Dig., § 2229.

KIRBY, J.   Appellant was indicted and convicted for a violation of what is known as the pandering act, for enticing Clarissa Grubbs, a female under the age of sixteen years, to become an inmate of an assignation place and engage in a life of prostitution, the indictment charging this place, towit:

"The home of her, the said Mrs. Lee, * * * said home then and there being situated on Lake Street, in the city of Paragould, Greene County, Arkansas, which said house was then and there a place where prostitution was practiced, encouraged and allowed," etc.

The testimony is otherwise sufficient to show the commission of the offense, but it is claimed that there is a variance in the proof, the only testimony introduced showing that the home of Mrs. Lee, or her house, was situated, not on Lake Street, in the city of Paragould, as charged, but upon a short street in that vicinity, and the majority of the court are of the opinion that the contention should be sustained.

The offense charged in this indictment is one of a local character or nature, consisting of enticing a female under age to visit or become an inmate of a place where prostitution is practiced, or an assignation house, and the place was properly descriptive of the offense, it being necessary to allege a place. *Bryant* v. *State,* 62 Ark. 459; *Jenks* v. *State,* 63 Ark. 312; *Adams* v. *State,* 64 Ark. 188; *Keoun* v. *State,* 64 Ark. 231.

In *Keoun* v. *State, supra,* the court said: "Where an indictment contains a necessary allegation, which can not be rejected, and the pleader makes it unnecessarily minute in the way of description, the proof must satisfy the description as well as the main part of the indictment."

A description of the house or place was descriptive of the offense, and, while the indictment would have been sufficient had it charged only "her home in Paragould," since the pleader charged specifically the location of the place upon a particular street, it also became descriptive of the offense, and material, and should have been proved as charged.

The testimony, having failed to show the commission of the offense, by enticing the girl into the home situated on Lake Street, as alleged, did not sustain the charge of the indictment, and the variance is fatal.

The judgment is reversed, and the cause remanded for a new trial.