## STATE v. WILSON.

### Opinion delivered May 3, 1915.

PANDERING—FACTS SUFFICIENT TO SHOW CRIME—PLACE RESORTED TO.— Proof that prosecutrix voluntarily accompanied defendant to a thicket, where he left her and later returned, she waiting for him there, when they had sexual intercourse, does not show a violation of the pandering act, (Act 105, Acts 1913) in the absence of proof that the thicket was a place where prostitution was practiced, encouraged or allowed, or that men and women resorted thither for illicit intercourse.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; affirmed.

#### STATEMENT BY THE COURT.

Appellant was indicted by the grand jury of White county for violating what is known as the "Pandering Act", Act. No. 105 of the Acts of the General Assembly of 1913.

The indictment, formal parts omitted, reads as follows:

"Did then and there unlawfully and feloniously, by promises, threats, violence, devices, and schemes, fraud and artifices, duress of person and goods and the use of his position of confidence, inveigle, entice, persuade, encourage and procure one Mabel Slaughter, a female, to be taken and detained for sexual intercourse and prostitution, and did unlawfully and feloniously, by his use of confidence, schemes, artifices and fraud, inveigle, entice, persuade, encourage and procure the said Mabel Slaughter to go and be by him detained at a place for sexual intercourse and for prostitution, he, the said W. F. Wilson, then and there not being the husband of the said Mabel Slaughter, against the peace, and so forth."

It appears from the testimony that the prosecuting witness Mabel Slaughter, 19 years of age, went with or was taken by, one Stanley, to the home of the defendant Dr. Wilson before daylight one morning; where Stanley rapped on the door and the doctor appeared and invited Mabel in. He closed the door after she entered; remained outside a few minutes with Stanley, and returned and told her that it would not do for her to stay there, and they would have to go to Stanleys and see what to do. He then took her and started away but before reaching Stanley's house left her in a thicket near a negro house; and continued on but returned after daylight and had sexual intercourse she said, with her there in the thicket over her strenuous objection and resistance.

The court directed the jury to find for the defendant and from the judgment the State prosecutes this appeal.

*Wm. L. Moose,* Attorney General, *Jno. P. Streepey,* Assistant and *J. N. Rachels,* Prosecuting Attorney, for appellant.

The law was intended to cover every act of unlawful intercourse, regardless of time or place, provided that the man planned or assisted in the planning of the act or acts necessary to enable the commission of the final act of sexual intercourse. It is broad enough to cover the offense proved here. Acts 1913, pp. 407, 408, 409.

No brief filed for appellee.

KIRBY, J., (after stating the facts). In *Boyle* v. *State,* 110 Ark. 318, this statute was construed, and this court held that when defendant took the woman to a place where prostitution was practiced for the purpose of prostitution, whether she went voluntarily or not, he was guilty, under the statute and said: ''It was necessary for the State to show under the charge made in the indictment that the house to which Birdie Taylor was taken was a place in which prostitution was practiced, encouraged or allowed and that she was taken there for the purpose of prostitution.'' After saying

the proof of the bad reputation of the house as such a place was properly admitted, and a circumstance to be considered by the jury, but not alone sufficient to convict, continued "To warrant conviction the proof would also have to show that men and women actually resorted there for illicit intercourse."

In *Lee* v. *State,* 114 Ark. 310, 169 S. W. 963, the court held that the offense defined by this act is one of a local character or nature, consisting of enticing a female person to visit or become an inmate of a place where prostitution is practiced, or an assignation house, and place is properly descriptive of the offense, it being necessary to allege a place.

If the indictment was sufficient to charge an offense under the statute, the proof that the prosecutrix voluntarily accompanied the defendant to a thicket by the roadside in the night time and there awaited his return until daylight and had sexual intercourse with him, is not sufficient to show a violation of it. There is no proof whatever that the thicket was a place where prostitution was practiced, encouraged or allowed or that men and women resorted thither for illicit intercourse.

The testimony was insufficient to sustain a conviction and the court did not err in directing the verdict.

The judgment is affirmed.