WISE *v.* STATE.

4270                                164 S. W. 2d 897

Opinion delivered October 5, 1942.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

McHANEY, J. Appellant was charged by information with the crime of carnal abuse. Trial resulted in a verdict of guilty, on which a judgment was entered, sentencing him to the penitentiary for a term of two years, and from which he has appealed. He has not favored us with a brief in his behalf.

Five assignments of error were set up in the motion for a new trial, but they raise only two questions: (1) the sufficiency of the evidence to sustain the verdict and judgment, and (2) the jurisdiction of the court, it being alleged that the offense, if any, was committed in the Western District of Carroll county and not in the Eastern District, in which the court was sitting. Neither assignment can be sustained.

As to the alleged insufficiency of the evidence, it was established by the testimony of the father and mother of the prosecutrix that she was under the age of 16 years, and there was no dispute of their testimony. The prosecutrix herself testified positively that she did have sexual intercourse with appellant in March of this year, detailing the time, the place and the circumstances of the occurrence. She was corroborated to some extent by the testimony of a girl companion who, with another man, drove to Eureka Springs and back from Berryville that night, and also by a physician who made a physical examination of her the next day. Appellant denied that he had such relationship with her and was corroborated by the other man. She was not an accomplice within the meaning of § 4017 of Pope's Digest, and corroboration was not necessary. *Waterman* v. *State,* 202 Ark. 934, 154 S. W. 2d 813. So the testimony was in dispute, and, as to who was telling the truth, was for the jury to decide. It did so, found appellant guilty and its verdict must stand since it was supported by substantial testimony, in fact by a preponderance thereof.

As to the jurisdiction of the court, we think the venue was sufficiently proven. Under § 36 of Initiated Act No. 3 of 1936, Acts of 1937, p. 1384, *et seq.,* it is provided that upon trial the offense shall be presumed to have been committed within the jurisdiction of the court, "unless the evidence affirmatively shows otherwise." There is no evidence showing that the offense, if committed at all, was at another place in another jurisdiction.

Affirmed.