## Tommy LYONS v. STATE of Arkansas

5598                                          467 S. W. 2d 701

Opinion delivered June 14, 1971

*Odell C. Carter,* for appellant.

*Ray Thornton,* Attorney General; *Milton R. Lueken,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant was convicted of escape from the Arkansas State Penitentiary. His oral demurrer to the information, based upon the contention that the venue was not in Lincoln County, made after a jury was empaneled, but before any evidence was heard, was overruled. His attorney argued that, since he had been granted a five-day furlough to go to Pulaski County, the venue of any alleged crime of escape would be in that county. The attorney also asked that the case be transferred to Pulaski County, but this motion was denied.

The trial proceeded and the state's witnesses, all officials of the Arkansas Department of Correction, testified that: under the terms of his furlough, Lyons was

supposed to go directly to Pulaski County; appellant did not return from his furlough on April 1, 1970, when he was scheduled to do so; none of them knew of his being in Lincoln County on that date; he was apprehended in Missouri on November 20, 1970.

Although appellant's attorney had stated during the in camera hearing on his original demurrer that the evidence would show that appellant reached Pulaski County, and left from that county, rather than Lincoln County, no witness testified that Lyons ever reached the county to which he was authorized to go. After the state rested, appellant renewed his demurrer and rested. He had also renewed his demurrer after the testimony of the first witness called by the state.

He asserts two points for reversal, but both are based upon the same argument, *i.e.*, that the proper venue was in Pulaski County, and that the state failed to prove venue in Lincoln County, relying upon *Thetstone* v. *State*, 32 Ark. 179, and *Jenks* v. *State*, 63 Ark. 312, 39 S. W. 361. The sufficiency of the evidence to otherwise show the crime of escape is not questioned.

Both of the above cases were decided long before the adoption of Initiated Act No. 3 in 1936. One section of that act [Ark. Stat. Ann. § 43-1426 (Repl. 1964)] provides:

>It shall be presumed upon trial that the offense charged in the indictment was committed within the jurisdiction of the court and the court may pronounce the proper judgment accordingly, unless the evidence affirmatively shows otherwise.

In considering this section of the statute in *Meador* v. *State*, 201 Ark. 1083, 148 S. W. 2d 653, we stated that an allegation in an information filed in Grant County that a crime was committed in Hot Spring County would have been a fatal variance were it not for this section, stating that it was the obvious purpose of this act to prevent miscarriages of justice for such reasons. We also stated that the evidence did not affirmatively

show that the larceny charge was committed outside the jurisdiction of the trial court.

In *Wise* v. *State*, 204 Ark. 743, 164 S. W. 2d 896, we held against a similar contention in a case where the charge was carnal abuse, because there was no evidence showing that the offense, if committed at all, was at another place in another jurisdiction. In *Stewart* v. *State*, 214 Ark. 497, 216 S. W. 2d 873, we held that the contention that the state failed to establish the venue was untenable by reason of the statutory presumption, because we found no affirmative evidence to show that the crime of larceny was not committed in the district and county alleged in the information. In *Cecil* v. *State*, 234 Ark. 129, 350 S. W. 2d 614, we held that the trial court correctly refused to instruct the jury that the state was required to prove the venue, in reliance on this statutory provision.

We find nothing in our statute which offends Article 2, Section 10, of the Arkansas Constitution providing that the accused is entitled to trial by impartial jury of the county in which the crime shall have been committed. There is no evidence that the crime was committed in any place other than Lincoln County, or that Lyons ever reached Pulaski County.

Because there was no affirmative evidence to show that the offense was committed outside Lincoln County, we affirm the judgment.

BYRD, J., dissents.