Bobby Farrell MILAM *v.* STATE of Arkansas

5778                                    488 S.W. 2d 16

Opinion delivered December 18, 1972

*Herndon & Barton, P.A.,* for appellant.

*Ray Thornton* Atty Gen., by: *Julie W. McDonald,* for appellee.

LYLE BROWN, Justice. James Wesley Stone was last seen alive on February 19, 1968. On July 16, 1971, he was found in his truck, in a water-filled bauxite pit. He had been shot and his body was secured in his truck by means of a heavy jack tied to his body. The appellant, Bobby Farrell Milam, was convicted of the murder and sentenced to life imprisonment. Appellant advances seven points for reversal and they will be listed and discussed along with the pertinent evidence.

Point I. *The court erred in not directing a verdict of acquittal at the close of the case.* The body was positively identified as that of James Wesley Stone. It was established by several witnesses that appellant was seen with the deceased late in the night in question; that they were alone; that deceased had on his person over $1000; that late that night appellant went to the home of a friend, telling the latter that Stone did not have as much money as he thought; and that appellant tried to persuade his companion to go with appellant to the bauxite pit to dispose of Stone's body. Mary Fraley, a companion of appellant, testified that appellant took her to a point near the bauxite pit and pointed out the spot where appellant

said he killed Stone and "if I tried to leave [him] it would happen to me". We have related that part of the testimony which supports the State's case and which unquestionably constitutes substantial evidence.

Point II. *The State failed to prove that the purported crime was committed in Lonoke County.* First the bauxite pit was located near Allport which is in Lonoke County. Secondly, Mary Fraley testified that the point of the killing as related to her by appellant was on the road between Humnoke and England. Those towns are in Lonoke County. It is presumed in law that the offense occurred in the county wherein the indictment is returned. Ark. Stat. Ann. § 43-1426 (Repl. 1964). No evidence was offered that the crime was committed in another jurisdiction. That fact makes appellant's position untenable. *Lyons v. State,* 250 Ark. 920, 467 S.W. 2d 701 (1971).

Points III and IV. *The court erred in permitting the State to introduce a rifle belonging to appellant's brother.* The rifle was introduced conditioned that it later be connected with the appellant. The State's expert could not say positively that it was that rifle which fired the shot that killed Stone. Thereupon the trial court ordered the weapon withdrawn and admonished the jury not to consider any evidence relative thereto. Any error was cured by the admonition because it is clearly not manifest that prejudicial error remained after the exclusion. *Thompson v. State,* 249 Ark. 36, 458 S.W. 2d 40 (1970).

Point V. *Ervin Graves testified in rebuttal and in contradiction to the testimony of another rebuttal witness for the State and it was therefore error to admit Graves' testimony.* James Milam, brother of appellant, was called as a witness by the State. He was asked if he had told Ervin Graves that Milam's brother had shot a policeman and would not hesitate to shoot another one. James Milam denied making the statement. The State then called Ervin Graves, a car dealer. He testified that appellant was delinquent in payments on a car and Graves went to the premises to take possession. He said James Milam made the statement attributed to him and about which

the State inquired of Milam. The appellant made no objection to the questions propounded to those two witnesses; therefore, he is in no position to raise the issue on appeal.

Point VI. *The court erred in admitting four exhibits into evidence.* The exhibits were photographs of the retrieved truck containing Stone's remains. The correct foundation was laid for the introduction of the pictures. The court and jury were advised that they were introduced "to depict the scene, to represent the vehicle as it was pulled out of the water in various positions, and to show the contents of the truck". Photographs may be introduced to describe and identify the premises, to establish the corpus delicti, to disclose the environment of the crime, and to corroborate testimony. *Stewart* v. *State,* 233 Ark. 458, 345 S.W. 2d 472 (1961). We are unable to say the court abused that broad discretion long recognized in the introduction of photographs. When photographs are otherwise properly admitted it is not a valid objection that they tend to prejudice the jury. *Oliver* v. *State,* 255 Ark. 809, 286 S.W. 2d 17 (1956).

Point VII. *Witness C. C. Fortney was an accomplice and appellant could not be convicted on Fortney's uncorroborated testimony.* In the first place it was not contended at the trial that Fortney was an accomplice; in fact the evidence would not bear out such a fact. Even if Fortney were an accomplice there was ample corroboration of his testimony.

Affirmed.