Millard RUSSEY and Willie WAY Jr.
*v.* STATE of Arkansas

CR 74-118                                519 S.W. 2d 751

Opinion delivered February 3, 1975
[Rehearing denied March 10, 1975.]

*Acchione & King* and *McArthur & Lofton,* for appellants.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. The appellants were found guilty of murder in the first degree by a jury which assessed their punishment at life imprisonment in the Department of Correction. We first consider Russey's appeal. He contends for reversal that it was error to admit his confession into evidence because it was secured by coercion and duress and, therefore, was involuntary. He also argues that the state failed to produce all material witnesses connected with the asserted involuntary confession.

Appellant Russey was arrested on January 2, 1974, at 3 p.m. on a burglary charge. At the *Denno* hearing Russey testified that later that evening, detectives Sparr and Rounsavall took him from the jail to locate the stolen property. Russey testified that afterwards Rounsavall and Sparr took him to a cemetery and physically beat him. According to Russey, one of the officers put a pistol in his mouth and told him "he had just shot a boy over in that cemetery a couple of days ago, and asked me did I want to be the next one?" Appellant testified that he was told to cooperate with them and was told that he killed Carter. Russey further testified that a tooth was loosened from a blow administered in the cemetery and Sparr, in the presence of Rounsavall, knocked it out the next day before he signed a confession. Russey was 18 years old and had a 10th grade education. He testified he was terrified from the first day's experience and did not relate the statement which Sparr brought in for him to sign. Russey

testified that during this time he was not allowed to use the phone and was unable to secure an attorney until January 5, 1974. On that date he retracted his statement.

Detectives Best and Vandiver were the only police officers who testified at the *Denno* hearing. They testified no other officer was present at the time appellant gave his statement dated January 3, at 6:40 p.m. They saw no swelling of appellant's face and appellant did not complain about any physical abuse. To their knowledge, no threats, coercion or physical abuse ever occurred. Both officers testified that appellant was given the *Miranda* warning, fully understood his rights and waived them as evidenced by his signing a waiver of rights form preceding his statement. At appellant's request, Best wrote the statement which Russey then signed. Best and Vandiver testified that Russey did not request to use the phone or talk to anyone. Best was unaware that Sparr and Rounsavall took appellant from the jail in a patrol car the night before appellant was interrogated by Best in Vandiver's presence.

At the *Denno* hearing, the trial court ruled the statement voluntary without the state producing either Sparr or Rounsavall as witnesses. At trial, however, after the statement was read to the jury, Sparr was called as a rebuttal witness. Rounsavall never testified. The sole explanation for his absence was that he was off duty. Suffice it to say that it is manifest that the state did not meet the burden of proof as is required in *Smith* v. *State,* 254 Ark. 538, 494 S.W. 2d 489 (1973). There we held:

> Whenever the accused offers testimony that his confession was induced by violence, threats, coercion, or offers of reward then the burden is upon the state to produce all material witnesses who were connected with the controverted confession or give adequate explanation for their absence.

In the case at bar, the accused offered testimony that his confession was induced by violence, threats and coercion by the officers. Two of these officers, Sparr and Rounsavall, did not testify at the *Denno* hearing. Therefore, as to them, his

testimony stands uncontradicted. The burden was upon the state to produce these material witnesses or give adequate explanation for their absence. Sparr testified at the trial subsequent to the *Denno* hearing. However, the trial court must first find at a *Denno* hearing that a statement is voluntary before it is admissible. Ark. Stat. Ann. § 43-2105 (Supp. 1973). Rounsavall, whom appellant Russey said he particularly feared, never testified. The fact that he was "off duty" the day of the trial is not "adequate explanation." *Smith* v. *State, supra.*

The state "notes" that appellant did not object to the absence of Rounsavall. However, appellant's objection to the confession as being involuntary was sufficient. In *Smith* v. *State*, 256 Ark. 67, 505 S.W. 2d 504 (1974), we said:

> Nowhere in *Smith* does it appear that, in making an objection based upon a contention the state has failed to show a statement is involuntary, a defendant must point out, in precise words, that a material witness was not called.

Consequently, in the case at bar, it was necessary in determining the voluntariness of the confession that all material witnesses be presented or an "adequate explanation" of absence be given. Since neither occurred, we must hold it was prejudicial error to admit his confession into evidence.

We next consider Way's appeal. He contends the court erred in allowing three photographs into evidence which were unnecessary since the identification of the deceased was not in issue and the photographs served no purpose other than inflaming the minds of the jurors. Four photographs were excluded by the trial court. One of those admitted showed the victim where he fell in the living quarters of the store after being shot. The other two photographs depicted his wounds.

In *Milam* v. *State*, 253 Ark. 651, 488 S.W. 2d 16 (1972), we said:

> Photographs may be introduced to describe and identify the premises, to establish the corpus delicti, to disclose

the environment of the crime, and to corroborate testimony. **** When photographs are otherwise properly admitted it is not a valid objection that they tend to prejudice the jury.

The photograph of the victim on the floor corroborated testimony that the victim ran from his assailant in the business area of the building into the living area where he was found fatally wounded. The two other photographs supported the medical testimony as to the nature, location and extent of the wounds. We hold there was no abuse of discretion by the trial court.

Neither can we agree with appellant Way that the trial court erred in denying his motion for a directed verdict. Two witnesses at the scene of the crime could not positively identify Russey or Way. However, one testified that appellants "looked like the boys." It is argued by Way that the evidence is insufficient because Johnny Stewart, a witness for the state, was an accomplice as a matter of law and the court erred in not so ruling and refusing their instruction to that effect. The court submitted the issue to the jury that Johnny Stewart's interest and participation was a question of fact and not one of law. Stewart, 15 years of age, testified that he knew the appellants. On the day of the robbery-murder, he first saw them in a pool hall and rode around with them and a Ricky Griffin. Russey, who was driving, stopped the car at Carter's Grocery. Russey and Way got out of the car, each holding a pistol. Shortly they returned with the pistols and a brown paper sack. He did not hear any shots, see any money and no one gave him any. No one discussed a robbery with him and he was driven home. His version was not tested by cross-examination.

In *Froman and Sanders* v. *State,* 232 Ark. 697, 339 S.W. 2d 601 (1960), we quoted with approval:

The burden is on the defendant to show that the witness for the state is an accomplice. This is usually determined by the court as a question of law. But if the evidence is conflicting as to the participation of the witness in the commission of the crime, the matter

should be left to the jury under proper instructions as to intent and participation.

In the case at bar, we agree with the trial court that Stewart was not an accomplice as a matter of law and the court, by correct instructions, properly submitted the issue to the jury as a fact question. To the same effect are *Austin* v. *State,* 254 Ark. 496, 494 S.W. 2d 472 (1972); *Satterfield* v. *State,* 245 Ark. 337, 432 S.W.2d 472 (1968); and *Rogers* v. *State,* 136 Ark. 161, 206 S.W. 152 (1918). Furthermore, in *Fields* v. *State,* 213 Ark. 899, 214 S.W. 2d 230 (1949), we said:

> The mere passive failure to disclose the commission of the crime would not make one an accessory under our statute. There must be some affirmative act tending toward the concealment of its commission or a refusal to give knowledge of the commission of the crime, when same is sought for by the officials of the person having such knowledge.

See also *Satterfield* v. *State, supra.* In the case at bar, it appears that Stewart never, by any affirmative act, sought to conceal the commission of the crime.

Appellant Way further contends the trial court erred in denying appellant's motion for a mistrial. The prosecutor, while cross-examining Russey, referred to Way being in jail at the same time as Russey. Way argues that a "broad field of speculation as to his character and possibly his criminal record" was presented to the jury. We agree with the state that this contention is speculative. A motion for a mistrial is "an extraordinary action and this motion should only be granted where it is obvious that any possible prejudice cannot be removed by an admonition."*Hathcock* v. *State,* 256 Ark. 707, 510 S.W. 2d 276 (1974). In the case at bar there was no request for any admonition. Furthermore, it appears that no prejudice could result since there was no objection by appellant when Detective Best testified that the appellants were incarcerated at the same time during the investigation.

Neither can we agree that the trial court erred in refusing to instruct the jury that appellant Russey, a co-defendant, is an accomplice as a matter of law. When this instruction

was offered by appellant Way and its propriety was being discusssed, his then trial counsel stated that Russey's involvement "would be a question of fact for the jury." Moreover, Russey testified and denied complicity in the alleged offense. He, also, offered an alibi which was corroborated by his employer.

Affirmed as to Way and reversed and remanded as to Russey.