DANNY JEFFRIES ˙v. STATE OF ARKANSAS

CR 73-112                                501 S.W. 2d 600

Opinion delivered November 13, 1973
[Rehearing denied December 17, 1973.]

*Christopher C. Mercer* and *James R. Howard,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Philip M. Wilson,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellant Danny Jeffries was charged in the Municipal Court of Little Rock on informations filed by the prosecuting attorney with four violations of Act 590 of 1971 involving the sale of marijuana. Before a preliminary hearing was had in municipal court, the prosecuting attorney filed informations in the circuit court alleging the same violations. Appellant was found guilty by a jury upon one of the charges. The remaining three charges were consolidated and tried before the court resulting in four nine year sentences running concurrently. For reversal appellant contends:

"I. The Court erred in failing to quash the informations in all cases and remand the case to the Municipal Court for a preliminary hearing.

II. The Court erred in the procedure followed in forming the Jury in this case and in not permitting the Defendant to exercise peremptory challenges prior to the time that the Jury was sworn to try the case.

III. The Court erred in not granting the Appellant a mistrial because of the remarks of a Juror before the entire panel prior to the time the Jury was sworn to try the case."

POINT NO. I. We have consistently construed our preliminary hearing statutes as directory and not mandatory. In fact we have held that the failure to take one before a magistrate for a preliminary hearing is not reversible error. See *Jones* v. *State*, 246 Ark. 1057, 441 S.W. 2d 458 (1969).

Under this point appellant also complains of the expense and unfairness of having to make bail bonds both in the municipal court and the circuit court. In a review on appeal where the chief concern is whether appellant received a fair and impartial trial, we must hold that no reversible error has occurred. Whether the law may otherwise afford a remedy for the supposed wrong is not before us in this proceeding.

POINT NO. II. The record shows that the trial court strictly followed the procedure set out in Ark. Stat. § 43-1924 by requiring the State to first exhaust her challenges to a particular juror and then requiring defendant to exhaust his challenges. After some of the jurors had been accepted by both the State and the appellant, the latter moved to excuse a juror previously accepted. Upon the showing here made the trial court did not abuse its discretion in refusing to permit appellant to then peremptorily challenge the juror. See *Allen* v. *State*, 70 Ark. 337, 68 S.W. 28 (1902).

POINT III. During the voir dire of the jury one of the prospective jurors stated:

"Your Honor, May I say something as a juror? I have been a prospective juror on other cases and I

have told the Defending Attorney that I feel like I am more prejudice than others in drug cases and I also believe in entrapment, which I feel like most of these cases are, and I also believe that even possession of drugs, of an illegal drug is evidence of guilt.  . . . "

The juror was promptly dismissed by the court, but appellant contends without citing authority that the trial court should have granted a mistrial. The granting of a mistrial is a rather extreme remedy and is a matter in which the trial court has considerable discretion. Under the circumstances it would appear that the trial court properly denied the motion for a mistrial.

Affirmed.