Robert CLARK *v.* STATE of Arkansas

CR 75-47                                              527 S.W. 2d 619

Opinion delivered September 8, 1975

*Kenneth C. Coffelt,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Bill D. Etter,* Dep. Atty. Gen., for appellee.

CONLEY BYRD, Justice. The appellant Robert Clark was convicted on two counts of delivering a controlled substance (marijuana). For reversal he contends among other things that the trial court erred in not directing a verdict in his favor and in the manner of selecting the jury.

We find the evidence sufficient to sustain the conviction. Appellant's defense was entrapment, and a fact question was raised as to whether he did what he was already willing and ready to do or whether the criminal design originated with the undercover officer.

The trial court had available for purposes of this trial a panel of 27 petit jurors. Prior to the trial the trial court had required all of the petit jurors to fill out a written questionnaire which contained such information as the juror's name and address, his spouse's name, the occupation of both the juror and his spouse and whether the juror had been a complaining witness in a criminal proceeding. The questionnaires were filled out under oath and were available to the lawyers in attendance upon the court at least one full work-

day before the trial. During the voir dire, the trial court would not permit appellant's counsel to go over these same questions with the jurors. However, the trial court did permit and expect appellant's counsel to ask other questions of each petit juror during the voir dire. From the panel of 27 petit jurors the trial court caused 12 jurors to be drawn and seated. Each juror was then examined by the State and then by the appellant. However, under the procedure used by the trial court all twelve jurors had to be examined before any peremptory challenges were permitted, and following the examination of the 12 jurors, the State then had to exercise its peremptory challenges and then appellant was required to make his challenges. After a juror was once accepted, the trial court would not permit a peremptory challenge to be exercised against such juror. After some of the original 12 jurors called had been stricken by peremptory challenges, the trial court would cause additional jurors to be called to make a total of 12. This procedure was continued until 12 jurors had been selected. Appellant attacks the jury selection as hereinafter set out.

First: Appellant contends that he was denied a full drawn panel of 24 jurors. We find no merit in this contention. The statute, Ark. Stat. Ann. § 39-216 (Repl. 1962), upon which appellant relies as requiring a panel of 24 jurors has been repealed by Acts of 1969, No. 568. The number of jurors to be selected for the panel is left to the discretion of the Circuit Judge. See, Ark. Stat. Ann. § 39-209 (Supp. 1973).

Second: We find no merit to appellant's contention that the trial court erred in not permitting him to ask again the simple questions that had been answered on the jury questionnaire. Ark. Stat. Ann. § 39-226 (Repl. 1962), provides:

"In all cases, both civil and criminal, the court shall examine all prospective jurors under oath upon all matters set forth in the statutes as disqualifications. Further questions may be asked by the court, or by the attorneys in the case, in the discretion of the court."

We note that the record shows that appellant's counsel was

permitted to examine each juror extensively enough to make any challenges for cause or peremptorily and also to sufficiently familiarize himself with any communication problems that a juror might have.

Third: Appellant contends that the trial court erred in not requiring the State to first accept or reject each juror as he was examined. The statute involved, Ark. Stat. Ann. § 43-1903 (Repl. 1964), being Criminal Code § 193, provides:

> "In a prosecution for felony, the clerk, under the direction of the court, shall draw from the jury box the names of twelve [12] petit jurors, who shall be sworn to make true and perfect answers to such questions as may be asked them touching their qualifications as jurors in the case on trial, and each juror may be examined by the State and cross-examined by the defendant, touching his qualification. If the court decide he is competent, the State may challenge him peremptorily or accept him, then the defendant may peremptorily challenge or accept him. If not so challenged by either party, he shall stand as a juror in the case, and each of the twelve [12] jurors shall be examined and disposed of in like manner. If any of said jurors are disqualified or challenged, the clerk shall draw from the box as many more as may be required, and as often as may be required, until the jury shall be obtained, or the whole panel exhausted."

It can be seen from this statutory scheme that the State is first required to accept or reject an individual juror before the defendant is required to accept or reject an individual juror. A number of cases beginning with *Lackey* v. *State,* 67 Ark. 416, 55 S.W. 213 (1900), have consistently given this construction to the statute, *supra*. The State to sustain this conviction does not contend that the procedure used is authorized by statute but argues that appellant has not demonstrated any prejudice. Of course, the rule is that prejudice is presumed from an error unless the contrary affirmatively appears, *Crosby* v. *State,* 154 Ark. 20, 241 S.W. 380 (1922). Furthermore, since the State here exercised 4 of its 6 and the appellant 5 of his 8 peremptory challenges on the first 12 jurors drawn from the panel, it at once becomes obvious that it was an advantage to

the State to be able to examine all of the next 9 jurors before exercising its last two challenges — *i.e.*, it could peremptorily challenge the least desirable of the nine jurors instead of rejecting them one at a time. Consequently, we must hold that the trial court erred in requiring the appellant to examine all of the jurors drawn from the panel each time before the State was required to either accept or reject a juror.

Fourth: We find no merit in appellant's contention that the trial court should have permitted him to peremptorily challenge a juror already seated in the box. See *Jeffries* v. *State*, 255 Ark. 501, 501 S.W. 2d 600 (1973).

Appellant makes a number of other arguments which we do not reach as they are not likely to arise on a new trial.

Reversed and remanded for new trial.