## Martha Jo HEWELL *v.* STATE of Arkansas

CR 77-4                                             552 S.W. 2d 213

Opinion delivered June 6, 1977
(Division I)
[Rehearing denied July 11, 1977.]

*Jeff Duty,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty.
Gen., for appellee.

FRANK HOLT, Justice. A jury convicted appellant of arson and assessed her punishment at four years' imprisonment in the Arkansas Department of Correction. Ark. Stat. Ann. § 41-501 (Repl. 1964). Appellant argues for reversal that the procedure used in selecting the jury was arbitrary and contrary to the mandatory provisions of Ark. Stat. Ann. § 39-201 — 39-212.1 (Supp. 1975). Two jury panels were selected in the following manner. The judge of the Criminal Division and the judge of the Civil Division each appointed six commissioners who selected the requisite names and placed them in the jury wheel. Thereupon each of the judges drew sixty names to serve as jurors for their respective terms of court. Here the trial court of the Criminal Division needed ten additional jurors and drew them from the panel of jurors which were selected for the Civil or Second Division. In attacking this method, appellant overlooks Ark. Stat. Ann. § 39-215 (Supp. 1975), which prescribes the grounds for sustaining a challenge to the jury. That statute provides:

> A challenge to the jury drawn from the jury wheel or box may be made by a litigant in a particular case and shall be sustained by the Court if it shall appear that there was a substantial irregularity in the drawing or summoning of the jury, the Court shall in open court order another panel drawn for the trial of such case, and such other cases in which a similar challenge is sustained.

Here the record does not reflect nor does the appellant demonstrate any substantial irregularity in the drawing or summoning of the jury or jurors. Consequently, we find no merit in appellant's contention that the court erred by "borrowing" the ten additional jurors.

Appellant next asserts that the trial court erred in refusing to allow her to submit two jury instructions which would enable the jury to determine if two of the state's witnesses were accomplices. We cannot agree. When, as here, the court's instructions fully covered the subject, there is no error in refusing the defendant's proffered instruction. *Maxwell* v. *State*, 236 Ark. 694, 370 S.W. 2d 113 (1963). Also when it appears, as here, that the defendant's theory of a case is

presented by other instructions, the court is not required to multiply instructions on that point. *Fisher* v. *State,* 161 Ark. 586, 256 S.W. 858 (1923).

Appellant also argues that there was not sufficient evidence corroborating the testimony of the accomplices. Appellant argues that the state's witnesses, France, Seratt and Clark, are accomplices as a matter of law. It is true that France testified that he burned the building and was employed to do so by the appellant. France enlisted the aid of Seratt, who acknowledged that he aided France in burning the building. However, Clark denied any complicity. He was present when appellant solicited France to burn the building in order to destroy financial records where appellant was employed. Sometime later when France burned the building, he left there and came by his parents' home where Clark happened to be. France was smelling like "kerosene." At France's request, he drove him to appellant's home. He testified that he had dissuaded France from committing the alleged arson, telling him that "he was going to get himself in a heap of trouble." Clark thought appellant "could have been blowing off at the mouth. . . " According to Clark, he "had no idea that Richard was going to do it."

The burden is on the appellant to show that a witness for the state is an accomplice and if there is conflicting evidence as to the extent of the participation of the witness, it is a factual dispute for the jury to decide pursuant to the proper instructions as to the witness' intent and participation. *Russey* v. *State,* 257 Ark. 570, 519 S.W. 2d 751 (1975). Here we cannot say that Clark was an accomplice as a matter of law. Therefore, the court properly submitted the issue to the jury as to whether Clark was an accomplice. The evidence is sufficient to sustain the verdict.

Neither can we agree with appellant's argument that the trial court erred in not sustaining the motion for a new trial on account of irregularities of the jury during the trial of the case. The trial court has wide latitude of discretion in granting or denying a motion for a new trial and a judge's action will not be reversed in the absence of an abuse of that discretion or manifest prejudice to the complaining party. *Harvey* v.

*State,* 261 Ark. 47, 545 S.W. 2d 913 (1977); *Gross* v. *State,* 242 Ark. 142, 412 S.W. 2d 279 (1967). Here the appellant, three spectators and one defense witness testified on the motion for a new trial that members of the jury mingled with and conversed with witnesses for the state and court officials in and out of the jury room during recess and the jury's deliberations. Court officials and nine of the jurors appeared as witnesses and denied there were any irregularities. The trial court found that there was no evidence that "anything actually improper was said or done by anybody." There was no abuse of discretion in denying the motion for a new trial since the appellant has not demonstrated that she was denied a fair and impartial trial. See *Parrott* v. *State,* 246 Ark. 672, 439 S.W. 2d 924 (1969); and *Parrott* v. *State of Arkansas,* 497 F. 2d 1123 (8th Cir. 1974).

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and ROY, JJ.