Phil McINTOSH *v.* STATE of Arkansas

CR 77-31                                             552 S.W. 2d 649

Opinion delivered July 5, 1977
(In Banc)

*John R. Henry,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

ELSIJANE T. ROY, Justice. Appellant Phil McIntosh was charged with the offense of theft of property in violation of Ark. Stat. Ann. § 41-2203 (Crim. Code 1976). It was alleged in the information appellant fraudulently prepared and delivered grain receipts for Cooper Elevator and cashed checks totaling $60,099.41 issued in payment for the receipts. On trial to a jury appellant was found guilty and sentenced to 15 years in the state penitentiary and fined $12,000. From this conviction and sentence appellant brings this appeal.

Appellant contends the court erred in failing to declare witness Jessie Jones an accomplice as a matter of law.[1]

The evidence as to whether Jones was an accomplice was conflicting. Jones testified appellant had approached him and said someone had scrap soybeans for sale and needed someone to cash a check. Jones further stated appellant never told him why the person needed someone else to cash the check. Jones testified that at appellant's request he took several checks drawn on Cooper Elevator to Lloyd Wade, who would cash them and give the money back to Jones to return to appellant. Jones further testified he did not keep any of this money and that he did not make a dime on any of these activities.

Jones also testified that some checks from Cooper Elevator had been made out to him, but that they were in payment for several loads of soybeans which he had delivered to the elevator on behalf of Don Reeves. He stated Reeves paid him $15 or $20 per day to haul the scrap beans and that he cashed the checks and gave the money to Reeves.

While the testimony may have indicated Jones's possible involvement with appellant in these activities, it was not sufficient to justify the trial court concluding that, as a matter of law, Jones was an accomplice in the scheme for which appellant was charged. Therefore, the court under the present record properly submitted the issue to the jury. *Russey* v. *State,* 257 Ark. 570, 519 S.W. 2d 751 (1975); *Froman and Sanders* v. *State,* 232 Ark. 697, 339 S.W. 2d 601 (1960).

However, a different situation could arise on retrial as we find merit in appellant's contention that the court improperly limited the cross-examination of Jones concerning involvement in similar schemes.

It was important to appellant's defense that he prove Jones was an accomplice. 23 C.J.S., Criminal Law § 796a (1961) states:

---

[1]The court did declare other witnesses, William Adamson and Lloyd Wade, accomplices as a matter of law.

The burden of proving that a witness is an accomplice whose testimony must be corroborated is on the party asserting it.

23 C.J.S. Criminal Law § 796b states: ". . . any evidence is admissible which, if the witness were himself on trial, would be admissible against him to show his guilt, . . . ."

In the case at bar the court ruled that inquiry as to whether Jones was an accomplice was limited to his participation and involvement in the particular crime with which McIntosh was charged. Appellant then made a proffer of proof that the weight tickets he attempted to introduce reflected transactions between Jones and McIntosh; that Jones was also involved in check cashing with Wade and that all these transactions tied in together with the crime charged against McIntosh.

If Jones had been on trial the proffered testimony would have been admissible, for in *Caton & Headley v. State,* 252 Ark. 420, 479 S.W. 2d 537 (1972), we held that:

> . . . [I]n a prosecution for embezzlement by an employer of funds deposited by an employee as security, evidence of similar conduct in regard to other deposits was admissible to show a general scheme, plan or course of dealing. *Singer v. State,* 195 Ark. 345, 112 S.W. 2d 426 (1938). We also held that evidence of the defendant's passing of checks other than the one on which a forgery charge was based was permissible as tending to show the method of procedure employed by the defendant to defraud. *Walker v. State,* 171 Ark. 375, 284 S.W. 36 (1926). * * *

We cannot say refusal to admit this evidence was harmless error because in *Chapman & Pearson v. State,* 257 Ark. 415, 516 S.W. 2d 598 (1974), we stated:

> * * * Our settled rule is that error is presumed to be prejudicial unless we can say with confidence that it was not. *Vaughn and Wilkins v. State,* 252 Ark. 505, 479 S.W. 2d 873 (1972). * * *

Here we cannot say with assurance that the trial court's exclusion of this evidence had no prejudicial effect upon appellant's case. To the same effect see *Clark* v. *State,* 258 Ark. 490, 527 S.W. 2d 619 (1975).

As to the sufficiency of the corroborating evidence, Cooper, owner of the grain elevator, testified appellant was the manager and sole employee at his Waldenburg elevator during the interval in question. Cooper stated appellant disappeared on January 9, 1976, and that from that time until March no soybeans were put in or taken out of the Waldenburg elevator. He further stated his records indicated that as of that date approximately 60,000 bushels of soybeans should have been in the elevator, but when it was emptied in March they were 7,192.35 bushels short.

Cooper's bookkeeper testified that during the period of appellant's employment she issued several checks to Adamson and Wade and that, as her records failed to show she mailed those checks, appellant must have picked them up.

Alfred Couch, an officer of a Newport bank, testified he had access to the bank's records and that he had brought a cashier's check "dated January 9, 1976, remitter, Lloyd Wade, payable to Phillip McIntosh in the amount of $16,-790.36 and the check is endorsed Phillip McIntosh." This check, which was introduced as an exhibit, was dated the same day appellant disappeared. There was also other evidence tending to prove appellant's guilt. Consequently we find the corroborating evidence, if believed by the jury, was sufficient upon which to base a guilty verdict.

However, because the excluded evidence could possibly have influenced the jury's verdict the cause is reversed and remanded.