William N. CATE *v.* STATE of Arkansas

CR 80-159                                    606 S.W. 2d 764
Supreme Court of Arkansas
Opinion delivered November 3, 1980

*Howard & Howard*, by: *William B. Howard*, for petitioner.

*Steve Clark*, Atty. Gen., by: *Jack Dickerson*, Asst. Atty. Gen., for respondent.

FRANK HOLT, Justice. Appellant was charged with criminal mischief in the first degree, the destruction of property for the purpose of collecting insurance. Ark. Stat. Ann. § 41-1906 (1) (b) (Repl. 1977). He was also charged with conspiracy to commit criminal mischief. Ark. Stat. Ann. § 41-707 (Repl. 1977). The court instructed the jury that it could only find him guilty of one offense. Ark. Stat. Ann. § 41-105 (Repl. 1977). The jury acquitted him of criminal mischief and convicted him of the conspiracy charge, assessing a fine of $10,-000. The court of appeals affirmed. *Cate* v. *State*, not designated for publication. We granted certiorari. For reversal appellant contends that the court erred in denying his motion for a directed verdict of acquittal and his motion to set aside the verdict because there was no evidence of the crime of conspiracy and none that linked him to the crime other than the testimony of the accomplices.

The charges stemmed from the destruction of a helicopter owned by Arkansas Aero, a company in which appellant was the majority stockholder. The testimony at trial linking appellant to the helicopter destruction was that of four witnesses. Edd Conn, a codefendant and an employee of Arkansas Aero, testified he was approached by appellant about destroying the helicopter to collect insurance on it inasmuch as the company was in financial difficulty. Conn in turn talked to Ken Doles, a flight instructor at Arkansas Aero, who agreed to destroy the helicopter for $2,000. Appellant agreed to the payment. Doles first attempted to destroy the helicopter by landing it at night on a levee and then causing it to turn over. Conn drove to the scene and assisted. When this failed they went in search of gasoline for the purpose of setting it afire. Because of the late hour, they found no public source. They drove to Conn's house, where he lived with Patricia Miller, who is one of the four witnesses. Appellant was there. Conn asked him if he still wanted the helicopter burned, and appellant responded that he did. At Conn's request, Mrs. Miller went to their garage to look for a

gas can but could not find one. Conn and Doles, who was waiting in the car, then went to Doles' house where they obtained a five-gallon can of gasoline. They returned to the helicopter and set fire to it. They reported the destruction as an accident. Doles testified pursuant to a grant of immunity. He readily admitted his participation as detailed by Conn.

Robert Holloway, another employee, testified that he was in the process of buying ten percent ownership of Arkansas Aero at the time of the incident. He first was told that the destruction was an accident. However, Conn informed him two or three days after the fire that he had deliberately burned the helicopter. A few days later Conn told Holloway of Doles' involvement. When Holloway approached appellant about it, appellant told him he did not want to talk about it and that Holloway should forget it. Appellant later asked him to get $2,000 by saving cash out of payments made on accounts, because appellant did not want to write a check for the amount. Appellant told him to put the money in an envelope and put it on Conn's desk. Holloway did not think that was a good idea. Appellant agreed because Doles did not know that Holloway knew of Doles' involvement in the matter. Holloway gave the money to appellant. Although he did not know what was done with it, he admitted he knew what the money was for. He had reported the loss of the helicopter to the insurance company before he had knowledge of the purposeful destruction. After that knowledge he transferred the pay-off money to appellant and notarized the proof of loss statement based upon which $81,000 was paid to a bank to apply on Arkansas Aero's indebtedness.

At the conclusion of the evidence, the court instructed the jury that Conn and Doles were accomplices as a matter of law. As to Mrs. Miller and Holloway, the court instructed the jury that it should be determine from all the evidence whether they were also accomplices within the meaning of the law. The instruction defined an accomplice and then advised the jury that appellant could not be convicted upon the uncorroborated testimony of an accomplice on either charge, but that there must be other evidence tending to connect the defendant with the commission of the crime. In the next instruction, however, the trial judge omitted Holloway's name:

> If you find that the witness, Patricia Miller, was an accomplice within the meaning of that term as defined to you in these instructions, it will be your duty to acquit the defendant.

If Holloway and Miller were accomplices as a matter of law, as contended by appellant, then he is correct that the conviction cannot stand. Ark. Stat. Ann. § 43-2116 (Repl. 1977) provides:

> A conviction cannot be had in any case of felony upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof
> . . .

Ark. Stat. Ann. § 41-303 (1) (b) (Repl. 1977) defines accomplice in pertinent part:

> A person is an accomplice of another person in the commission of an offense if, with the purpose of promoting or facilitating the commission of an offense, he: . . .

> aids, agrees to aid, or attempts to aid the other person in planning or committing it; or

> . . . . .

> Appellant relies on Mrs. Miller's admissions to conclusively establish that she was an accomplice as a matter of law. On cross-examination, she testified that she was Conn's common-law wife; on the night the helicopter was destroyed, she overheard the discussion in their house about burning the helicopter; at Conn's request, she attempted to find a gas can, knowing that it would be used by Conn and Doles for the purpose of destroying the helicopter and collecting insurance. On recess she answered affirmatively that she recognized that Conn was a part of the scheme by contacting Doles for the purpose of committing the criminal endeavor; however, she had previously "begged Edd [Conn] not to get involved in

any way." On redirect she testified that Conn had assured her that he was "just a go-between between" appellant and Doles, and he would have nothing to do with the "actual crime," the destruction of the helicopter.

The defendant in a criminal case has the burden of proof that a witness is an accomplice whose testimony must therefore be corroborated. *McIntosh* v. *State*, 262 Ark. 7, 552 S.W. 2d 649 (1977); *Hewell* v. *State*, 261 Ark. 762, 552 S.W. 2d 213 (1977); and *Froman & Sanders* v. *State*, 232 Ark. 697, 339 S.W. 2d 601 (1960). Whether a witness is an accomplice is usually a mixed question of fact and law, and the finding of a jury as to whether a witness is an accomplice is binding unless the evidence shows conclusively that the witness was an accomplice. *Wilson & Dancy* v. *State*, 261 Ark. 820, 552 S.W. 2d 223 (1977).

The crime of conspiracy exists when one, for "the purpose of promoting or facilitating the commission" of a criminal offense, agrees with another person or persons that he will engage or aid in committing the offense coupled with an overt act pursuant to the conspiracy. § 41-707. The quoted language is also found in the definition of an accomplice § 41-303, *supra.* Therefore, the following commentary to § 41-707 is enlightening:

> It should also be observed that to fall within the scope of § 41-707 one must have 'the purpose of promoting or facilitating the commission of any criminal offense.' This phrasing serves to exclude from the provision's application persons who engage in conduct that furthers the ends of a conspiracy, but who have no purpose to do so. This is so even if the person knows his conduct assists in the accomplishment of criminal objectives. . .

Here, Mrs. Miller, the common-law wife of Conn, had lived with him for 11 years and has a child by him. It is true that she responded on cross and recross examination that she had knowledge of the intended criminal offense, and, at Conn's request, she attempted to find a gas can at their house knowing of its intended use and his participation. However, she had begged him not to become involved and had been

assured by him that he would have nothing to do with the actual destruction of the helicopter. We hold, in the circumstances, that she was not an accomplice as a matter of law. Her complicity was a fact issue. The jury could reasonably infer that her unsuccessful effort to find a gas can, with the knowledge of its intended use, was not made with the true purpose of aiding in the accomplishment of the criminal endeavor. Therefore, even if Holloway was an accomplice, as a matter of law, which we need not decide, Mrs. Miller's testimony was sufficiently substantial to support the verdict.

Affirmed.

FOGLEMAN, C.J., and PURTLE, J., concur.

JOHN A. FOGLEMAN, Chief Justice, concurring. I concur because I believe that this record discloses that Patricia Miller was an accomplice as a matter of law but that Robert Holloway was not, even if he was an accomplice at all. I do not see how it can be said that Patricia Miller did not attempt to aid in the commission of the offense with which the petitioner was charged. It does not matter what motivated her to do so, she knowingly attempted to aid. On the other hand, Holloway studiously avoided any assistance in the commission of the crime. It must be remembered that the crime charged was criminal conspiracy to commit criminal mischief. The crime of criminal mischief was complete when the plane was damaged or destroyed. Holloway had absolutely nothing to do with that offense. Collection of the insurance proceeds was not an element of the offense of which Cate was charged, so Holloway could not be an accomplice under Ark. Stat. Ann. § 41-303 (2) (Repl. 1977). He was not an accomplice under § 41-303 (1) because he did nothing to promote or facilitate either the criminal mischief or the conspiracy to commit it.

Because Holloway was not an accomplice, I would affirm the decision of the Court of Appeals.

I am authorized to state that Mr. Justice Purtle joins in this opinion.