Steve Eliot THOMPSON v. STATE of Arkansas

CR 80-256                                    616 S.W. 2d 18

Supreme Court of Arkansas
Opinion delivered May 26, 1981

30

Robert J. Brown, P.A., and Lessenberry & Carpenter, for appellant.

Steve Clark, Atty. Gen., by: Leslie M. Powell, Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Steve Eliot Thompson was convicted of first degree murder and battery and sentenced to fifty years and twenty years respectively. He argues that three procedural errors were committed requiring reversal or dismissal of the judgment. The judgment is affirmed.

During a first trial the judge granted a mistrial on the appellant's motion. The deputy prosecuting attorney elicited from the complaining witness the fact that the witness had obtained a warrant against Thompson on another charge which was later nolle prossed. The court had ruled that no mention could be made of the warrant. After extensive arguments in chambers the judge found the action by the State's attorney to be the result of an honest misunderstanding. The appellant argues that a second trial was double jeopardy and that the issue of double jeopardy should have been submitted to the jury to determine whether the State's attorney had "overreached" his authority. According to the appellant's argument, the State caused the mistrial and a retrial should be barred under United States v. Martin, 561 F. 2d 135 (8th Cir. 1977). The trial judge properly ruled that double jeopardy did not attach. The appellant asked for the mistrial several times and, as the

appellant concedes, a mistrial under those circumstances does not ordinarily bar a retrial. *Lee* v. *United States*, 432 U.S. 23 (1977). We cannot say that the court's finding that there was no intentional misconduct was clearly wrong. It was not for the jury to decide this issue since the jurors are the judges of the facts and the court is the judge of the law. *See* 47 Am. Jur. Jury, § 3 (1969).

The second argument is that the improper remarks of the State's attorney during closing arguments were grounds for a mistrial. The State's attorney made the following statement, referring to the victim's parents: "Robin's mom and dad are sitting right out there. They love her with all their heart." An admonition was given to the jury at appellant's request. It cured any possible prejudice according to our decisions. *Williams* v. *State*, 259 Ark. 667, 535 S.W. 2d 842 (1976);*Parker* v. *State*, 256 Ark. 315, 578 S.W. 2d 206 (1979).

The final argument is that a new trial should be granted for a juror's misconduct. Mrs. Hermus Jean Kelley reported on the second day that she realized after the trial started that she worked with the appellant's sister. The judge held a hearing, questioned the juror, and found that Mrs. Kelley could continue to serve without prejudice to the appellant. There was no evidence of prejudice to counter the juror's statement that she could serve in an impartial manner.

After trial, it was submitted that this same juror had eaten lunch during the trial with two defense witnesses. Again it was not shown that the appellant was in any way prejudiced. A hearing was held and the juror and the two witnesses testified. In no way did either witness try to influence the juror — certainly not to the defendant's prejudice. If anything, the record reflected that this juror was sympathetic to the defendant.

While the State must show an absence of prejudice in such a case, the court determined there was none. *Hewell* v. *State*, 261 Ark. 762, 552 S.W. 2d 213 (1977). We cannot say that this finding was clearly wrong.

Affirmed.