Phillip Tod CHENOWITH and Boyce SHADDON
*v.* STATE of Arkansas

CR 87-23                                   724 S.W.2d 488

Supreme Court of Arkansas
Opinion delivered March 2, 1987

*Robert E. Irwin*, for appellant Phillip Todd Chenowith.

*Streett & Kennedy*, by: *Alex G. Streett*, for appellant Boyce Shaddon.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The issue in this case is whether Ark. Stat. Ann. § 43-1903 (Repl. 1977) or general principles of fairness require that, in felony cases, prospective jurors be questioned on voir dire and subjected to challenges for cause and peremptory challenges one prospective juror at a time. We hold that procedure is not required, and thus we find no error in the trial court's procedure by which prospective jurors were subjected to this process two at a time.

The appellants were accused of theft of property. Counsel for appellant Chenowith asked that the court permit the prospective jurors to be questioned and challenged one at a time out of the hearing of the other jury panel members. The state objected on the ground that unnecessary delay would be caused by that procedure. The judge stated he did not want the jurors subjected to unnecessary voir dire, and he would permit examination of them two at a time. The appellants, both Chenowith and Shaddon, objected as follows:

> BY MR. STREETT: [Counsel for appellant Shaddon] I'm going to make a specific objection to the Court drawing twelve Jurors and seating them in the box in that it gives an edge to the Prosecutor for the Court to pull those twelve and let the Prosecutor see those twelve as opposed to the rest of the panel, and I think there are specific cases that have held that that's error and I would object to that procedure.

> BY MR. IRWIN: [Counsel for appellant Chenowith] I join in the same objection.

Neither the statute, § 43-1903, nor the cases decided in this

court, support the objection to gathering twelve prospective jurors for voir dire. However, our cases and a recent court of appeals decision based upon them do support the objection to subjecting more than one juror at a time to voir dire and challenges. The state asks us to reconsider our earlier decisions, and we agree the matter is ripe for review.

### 1. The statute

Ark. Stat. Ann. § 43-1903 (Repl. 1977) is as follows:

43-1903. Felonies, selection in. — In a prosecution for felony, the clerk, under the direction of the court, shall draw from the jury box the names of twelve [12] petit jurors, who shall be sworn to make true and perfect answers to such questions as may be asked them touching their qualifications as jurors in the case on trial, and each juror may be examined by the State and cross-examined by the defendant, touching his qualification. If the court decide he is competent, the State may challenge him peremptorily or accept him, then the defendant may peremptorily challenge or accept him. If not so challenged by either party, he shall stand as a juror in the case, and each of the twelve [12] jurors shall be examined and disposed of in like manner. If any of said jurors are disqualified or challenged, the clerk shall draw from the box as many more as may be required, and as often as may be required, until the jury shall be obtained, or the whole panel exhausted.

The statute clearly contemplates gathering twelve jurors for voir dire. It further says "each" juror "may" be examined by the state and then by the defendant with peremptory challenges to be in the same order. "Each" is to be "examined and disposed of in like manner." Nothing in the statute prohibits examination of all twelve jurors or any number of them before challenges are made. In our cases we have, however, come to the position that, if a request for individual voir dire is made, the court may not permit questioning and then challenging of more than one juror at a time.

## 2. The cases

In *Clark* v. *State*, 258 Ark. 490, 527 S.W.2d 656 (1981), the trial court required that a group of twelve jurors be examined with questioning first by the state and then by the appellant. After the twelve were examined by the parties, the state made its peremptory challenges and then the appellant made his challenges. The state excused four, and the appellant excused five of the first twelve peremptorily. Then, apparently, nine more jurors were called and subjected to voir dire after which further peremptory challenges by the state and then by the appellant were permitted. We reversed the conviction. After quoting the statute we noted that an individual juror must first be accepted or rejected by the state before the appellant is required to do so. We found prejudice in the procedure used and said so as follows:

> Furthermore, since the State here exercised 4 of its 6 and the appellant 5 of his 8 peremptory challenges on the first 12 jurors drawn from the panel, it at once becomes obvious that it was an advantage to the State to be able to examine all of the next 9 jurors before exercising its last two challenges — *i.e.*, it could peremptorily challenge the least desirable of the nine jurors instead of rejecting them one at a time. Consequently, we must hold that the trial court erred in requiring the appellant to examine all of the jurors drawn from the panel each time before the State was required to either accept or reject a juror. [258 Ark. at 493-494; 527 S.W.2d at 621.]

The difficulty with the language we used is that it does not show how the appellant was prejudiced. If the state looking at more than one juror at a time could peremptorily remove the jurors least desirable to it, so could the appellant remove those least desirable to him. As long as the appellant exercises his challenges after the state exercises its challenges, we fail to see any violation of the statute. As long as the state and the appellant both have available to them the same information obtained from equal opportunity to examine prospective jurors, we can find no unfairness to the appellant. To the contrary, the appellant has a slight advantage, as the state may remove a juror the appellant had planned to remove, thus saving a challenge for the appellant.

In *Rolleson* v. *State*, 272 Ark. 346, 614 S.W.2d 656 (1981),

we cited *Clark* v. *State, supra,* and quoted that opinion's description of the prejudice resulting to the appellant from allowing both parties to question more than one prospective juror before allowing challenges. However, we did not rely on it because in *Rolleson* v. *State, supra,* only the state was allowed to question the remaining jurors before either party was allowed to exercise peremptory challenges. The prejudice there was clear.

In *Vowell* v. *State,* 4 Ark. App. 175, 628 S.W.2d 599 (1982), our court of appeals correctly, but over a strong and well reasoned dissent, implemented the message we had sent. They held it was error to permit the state to choose the number of jurors, in that case three, to be questioned together and then subjected to peremptory challenges. We reversed the decision, *Vowell* v. *State,* 276 Ark. 258, 634 S.W.2d 118 (1982), but only because the record did not show the state had peremptorily challenged any juror, thus the prejudice we had discussed in our earlier cases could not be shown.

There is no standard or accepted timing procedure for the exercise of peremptory challenges in the state courts, nor is any particular mode universally condemned. The system also varies considerably among the federal courts as well. B. Colson, L. Blue, and J. Sagninaw, *Jury Selection,* § 10.4.4 (Callaghan 1986). In *Pointer* v. *United States,* 151 U.S. 396 (1894), the Circuit Court for the Western District of Arkansas had presented to the parties a list of thirty-seven jurors after all thirty-seven had been examined and found not liable to objection for cause. The defendant was then allowed to strike a number, up to twenty, from the panel. He complained that the procedure violated Arkansas law. The Supreme Court noted that this procedure was inconsistent with Arkansas law which, however, was not controlling. The court then discussed whether the procedure used was "in violation of any settled principle of criminal law relating to the subject of challenges." 151 U.S. at 408. In his discussion of the general principles controlling the peremptory challenge process, Mr. Justice Harlan, writing for the court, said:

> Any system for the empanelling of a jury that presents [prevents] or embarrasses the full, unrestricted exercise by the accused of that right, must be condemned. And, therefore, he cannot be compelled to make a peremptory

challenge until he has been brought face to face, in the presence of the court, with each proposed juror, and an opportunity given for such inspection and examination of him as is required for the due administration of justice. [151 U.S. at 408-409].

. . .

In some jurisdictions the mode pursued in the challenging of jurors is for the accused and the government to make their peremptory challenges as each juror, previously ascertained to be qualified and not subject to be challenged for cause, is presented for challenge or acceptance. But it is not essential that this mode should be adopted. [151 U.S. at 410.]

The Standard 15-2.6 found in III A.B.A. Standards for Criminal Justice (1986) addresses peremptory challenges as follows:

(a) Peremptory challenges should be limited to a number no larger than ordinarily necessary to provide reasonable assurance of obtaining an unbiased jury, but the trial judge should be authorized to allow additional peremptory challenges when special circumstances justify doing so.

(b) The procedure for exercise of peremptory challenges should permit challenge to any of the persons who have been passed for cause.

(c) The number of peremptory challenges and the procedure for their exercise should be governed by rule or statute.

In the commentary following the standard, various state procedures are discussed. With respect to the desirability of exercising peremptory challenges on one prospective juror at a time, as opposed to exercising them as to a group, i.e., striking from a qualified panel larger than twelve, the discussion is as follows:

The Supreme Court observed in *Swain* v. *Alabama*, [380 U.S. 202 (1965)] that the approach of striking jurors, as opposed to other types of peremptory challenge, has

been praised "as a fairer system to the defendant and prosecutor and a more efficacious, quicker way to obtain an impartial jury satisfactory to the parties." It is true that each party, at the time of each peremptory challenge, is confronted with the total number of persons from whom the final jury will be formed, and thus is always in a position to exclude the person found to be most objectionable. Under the other systems, by contrast, there is always the chance of some other person or persons coming on the panel who are more objectionable than those already challenged. At the same time, the system of striking jurors is arguably more time consuming in that in every case it is necessary to examine and qualify a large group of jurors, while under other systems the parties may reach an early accord on the jury without exercising all of their challenges. [Footnote omitted. III A.B.A. Criminal Justice Standards at 15-70]

We recognize that striking, say, a panel of twenty down to twelve by the use of peremptory challenges differs from striking from a panel of twelve and then replacing those struck with others until a final twelve are selected when both sides have no more peremptory challenges. However, the practice in which we found prejudice in *Clark* v. *State, supra,* is the subject of praise elsewhere, and we are convinced we were wrong in saying it prejudiced the appellant. That case is thus overruled.

■ Section 43-1903 leaves some discretion in the trial judge as to the manner of conducting voir dire of prospective jurors. As long as both parties, the state and the defense, are allowed to examine jurors individually, and the state is required to exercise its peremptory challenges first, the trial court has leeway to permit more than one juror to be subjected to the process at one time.

Affirmed.