Haywood MILLER *v.* STATE of Arkansas

CA CR 02-715                    101 S.W.3d 860

Court of Appeals of Arkansas
Division III
Opinion delivered April 2, 2003

*William R. Simpson, Jr.*, Public Defender, by: *Erin Vinett*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Katherine Adams*, Ass't Att'y Gen., for appellee.

OLLY NEAL, Judge. Appellant Haywood Miller appeals from a jury verdict that sentenced him as a habitual offender to thirty-five years' imprisonment for the offenses of aggravated robbery and theft of property. Appellant's sole point for reversal is that the trial court abused its discretion in declining to grant his request to peremptorily strike juror Judious Lewis based upon the fact that it was discovered mid-trial that Lewis knew the victim's family. Finding no abuse of discretion, we affirm.

Because appellant does not challenge the sufficiency of the evidence on appeal, a detailed recitation of the facts is unnecessary. At appellant's trial, victim Tyrone Davis testified that appellant stole his 2000 Honda Accord EX V-6. During the course of Davis's testimony, he revealed that his family owned Davis Petroleum. Sometime thereafter, the court called for a conference at the bench and told the parties that a juror, Mr. Judious Lewis, had given the trial court a note stating that he knew the victim's father because they were members of the same golf club. The court waited until both parties rested before calling Lewis before it. Lewis indicated that he was not aware that the owner of Davis Petroleum had a son, that he and the victim's father were both members of the Pro Duffers golf club, and that Davis Petroleum had underwritten several parties at which he and his wife had socialized with the father. Then the following colloquy took place:

| COURT: | Would [the fact that you know the victim's father] have an impact upon your ability to sit as a juror today? |
| JUROR LEWIS: | No, sir. |
| COURT: | Do you think that you could fairly try this case and listen to the facts and the evidence and decide this based upon the facts in evidence and not upon your association with the [victim's] father? |
| JUROR LEWIS: | Sure. |
| COURT: | If you saw him later, the victim's father, do you think you would owe him an explanation as to why you decided this one way or another? |
| JUROR LEWIS: | No, sir. |
| COURT: | Do you know of any reason why you could not be fair and impartial? |

JUROR LEWIS: There is no reason, Your Honor.

Lewis was thereafter excused for lunch. Defense counsel objected to Lewis sitting on the jury, stating that she believed that Lewis could not be impartial. The court then stated that:

> [t]he problem is, though, he says he can be impartial and fair. That's the standard. The question is whether or not the relationship is such that it would raise a question in the mind, but he said that he didn't know the victim. . . . The easy way out would be to seat the alternate and let him go. But is that the right thing to do, is a different question. I need to look at the law to see whether or not he is — from what he said, he has satisfied the Court that he could be fair and impartial.

After the lunch break, the court, outside the presence of the jury, asked Lewis the following:

COURT: Do you believe that you are able to consider the facts in this case impartially?

JUROR LEWIS: Yes, sir.

COURT: Do you believe that you could render your verdict according to the evidence?

JUROR LEWIS: Yes, sir.

COURT: Do you believe that you would also be able to abide by the instructions on the law given by the Court?

JUROR LEWIS: Yes, sir.

The court announced that after reviewing the relevant case law during the lunch break, it would allow Lewis to remain a juror, stating as follows:

> The relevant statute is 16-33-304 where challenge is made for cause. You can look at the bias that could be actually implied. There is no actual bias here. You can look at the bias that could be actually implied. The things listed under implied bias don't apply either. You can still look to other factors, like relationship and things of that nature. There are cases that deal with relationships, where jurors were allowed to sit on juries where they had knowledge of or knew different parties. In this case the juror has indicated several essential things. First of all, he's able to set aside his knowledge of the parties, decide the case on the facts, [and] abide by the law as given by the Court. For those reasons, I don't

find that it's necessary to exclude him from service. I will note your objection for the record, Ms. Reynolds.

Following presentation of the evidence and jury instructions, the jury elected Mr. Lewis foreperson and unanimously found appellant guilty and sentenced him accordingly to thirty-five years' imprisonment. It is from this conviction that appeal is taken. On appeal, appellant argues that the trial court erred in declining to remove Lewis when he revealed that he had a relationship with Davis's family.

■ ■ Jurors are presumed to be unbiased and the burden is on the appellant to show otherwise. *Kelly v. State*, 350 Ark. 238, 85 S.W.3d 893 (2002). Whether or not a peremptory challenge may be exercised after a juror has been selected by both sides is a matter that directs itself to the sound discretion of the trial court. *Roiex v. State*, 31 Ark. App. 127, 790 S.W.2d 180 (1990); *Daugherty v. State*, 3 Ark. App. 112, 623 S.W.2d 209 (1981). The appellate court reverses if there is a showing not only of abuse of that discretion but of prejudice likely to result. *See id.* The standard of review is the same regardless of whether the court permits the challenge or declines to permit it. *See Daugherty v. State, supra.*

■ Arkansas Code Annotated section 16-33-304 (Repl. 1999) provides that a challenge to an individual juror for cause may be made by either the State or the defendant and that there may be a general or particular cause that disqualifies a juror from serving in the case on trial. General challenge causes include a want of the qualifications prescribed by law; a conviction for a felony; or unsoundness of mind, or such defect in the faculties of the mind, or organs of the body, as renders him incapable of properly performing the duties of a juror. Ark. Code Ann. § 16-33-304(b)(1)(A)(B)(C) (Repl. 1999). Particular causes of challenge are actual and implied bias. Actual bias is the existence of such a state of mind on the part of the juror, in regard to the case or to either party, as satisfies the court, in the exercise of a sound discretion, that he cannot try the case impartially and without prejudice to the substantial rights of the party challenging. Ark. Code Ann. § 16-33-304(b)(2)(A) (Repl. 1999). A challenge for implied bias may be taken in the case of the juror:

> (i) Being related by consanguinity, or affinity, or stands in the relation of guardian and ward, attorney and client, master and servant, landlord and tenant, employer and employed on wages,

or is a member of the family of the defendant or of the person alleged to be injured by the offense charged, or on whose complaint the prosecution was instituted;

(ii) Being adverse to the defendant in a civil suit, or having complained against or being accused by him in a criminal prosecution;

(iii) Having served on the grand jury that found the indictment or, on the coroner's jury that inquired into the death of the party, whose death is the subject of the indictment;

(iv) Having served on a trial jury which has tried another person for the offense charged in the indictment;

(v) Having been one of the former jury sworn to try the same indictment and whose verdict was set aside, or who were discharged without a verdict;

(vi) Having served as a juror in a civil action brought against the defendant for the act charged in the indictment;

(vii) When the offense is punishable with death, the entertaining of such conscientious opinions as would preclude him from finding the defendant guilty.

Ark. Code Ann. § 16-33-304(2)(B)(i)-(vii) (Repl. 1999).

Here, once it was revealed that juror Lewis knew of Davis's family, the trial court appropriately inquired as to his ability to continue serving as a juror. The court questioned Lewis and also allowed defense counsel and the prosecuting attorney to ask Lewis questions. Lewis indicated that he could set aside his knowledge of the parties, decide the case on the facts, and abide by the law as given by the court. The court found the foregoing factors sufficient to allow Lewis to remain empaneled, determining that there was no for-cause basis under Ark. Code Ann. § 16-33-304 (Repl. 1999). *See Williams v. State*, 329 Ark. 8, 946 S.W.2d 678 (1997) (the trial court did not abuse its discretion in denying appellant's mistrial on the basis of juror bias where the judge questioned a juror who had hugged appellant's mother, and the juror responded that the relationship would not affect his objectivity); *Rorex v. State, supra* (where during voir dire, none of the jurors were asked if they knew or worked with any of the witnesses and no questions at all were addressed individually to the juror in question, where counsel never directly asked the court for permission to call the defendant's witness to testify that she worked with one of the jurors, and where the judge never told counsel he would not permit it, the trial court did not abuse his discretion in refusing to allow a peremptory challenge to be exercised after the juror had

been accepted by both sides); *Threlkeld v. Worsham*, 30 Ark. App. 251, 785 S.W.2d 249 (1990) (the fact that a juror has done business with one of the litigating parties does not *ipso facto* disqualify him as a prospective juror). Notably, appellant does not allege a for-cause challenge to Lewis's empanelment on appeal.

■ There is nothing in this record indicating that the trial court abused its discretion in allowing Lewis to remain on the jury panel, and in matters involving impartiality of jurors, we have consistently deferred to the trial court's opportunity to observe jurors and gauge their answers in determining whether their impartiality was affected. *See Echols v. State*, 326 Ark. 917, 936 S.W.2d 509 (1996). Furthermore, there was no showing of prejudice ever made or offered by appellant, as it is not enough that appellant merely shows that the trial court abused its discretion; there must also be prejudice. *See Daugherty v. State, supra.*

Affirmed.

GLADWIN and BAKER, JJ., agree.